HERBERT S. PENROSE, APPELLANT, v. GLEN O'HARA, LYON COUNTY BUILDING INSPECTOR; WYATT OWEN, LYON COUNTY ENGINEER; ROBERT GRIFFIN, WARREN LEWIS, JOHN POLI, LYON COUNTY BOARD OF COMMISSIONERS, INDIVIDUALLY, ET AL., RESPONDENTS.

No. 8251

December 21, 1976                    557 P.2d 276

[Rehearing denied January 19, 1977]

*Nicolaus R. Harkins,* Carson City, for Appellant.

*Ronald T. Banta,* District Attorney, Lyon County, for Respondents.

## OPINION

*Per Curiam:*

Appellant Herbert Penrose sought declaratory relief, damages, and an injunction due to respondents' interference with his fabrication of modular homes on land zoned for single family dwellings pursuant to Lyon County Ordinance No. 50.[1] The district court, finding that no non-conforming use existed on appellant's land at the time of the Ordinance's enactment and that respondents were not estopped to enforce the Ordinance, denied appellant relief.

1.  Because the fabrication of modular homes will be only temporary, appellant argues his land use is not violative of Ordinance No. 50. However, in our view, a non-conforming use cannot be justified merely because it might be temporary. See, for example, Light Company v. Haughton, 226 N.E.2d 341 (Ind.App. 1967).

2.  Appellant also argues that the district court erred in ruling respondents were not estopped to enforce Ordinance No. 50. This determination is supported by substantial evidence and will not be interfered with on appeal. Alves v. Bumguardner, 91 Nev. 799, 544 P.2d 436 (1975); County of Clark v. Lucas, 91 Nev. 263, 534 P.2d 499 (1975).

3.  Finally, appellant here proffers arguments based upon asserted vagueness and overbreadth of the Ordinance, and upon principles of res judicata. Appellant raises these contentions for the first time on appeal; thus, we will not consider them. Alves v. Bumguardner, *supra;* Solar, Inc. v. Electric Smith Constr., 88 Nev. 457, 499 P.2d 649 (1972); Howarth v. El Sobrante Mining Corp., 87 Nev. 492, 489 P.2d 89 (1971); Britz v.

---

[1]Ordinance No. 50 was enacted on April 5, 1966. In October, 1973, Ordinance No. 136 superseded Ordinance No. 50. However, the parties agreed the applicable sections of the two ordinances were identical.

Consolidated Casinos Corp., 87 Nev. 441, 488 P.2d 911
(1971).

Affirmed.