WILLIAM COOKE, DANIEL JORDY, EARL JORDY, AND GEORGE JORDY, APPELLANTS, *v.* AMERICAN SAVINGS AND LOAN ASSOCIATION, A NEVADA CORPORATION; MARY ANN LEWIS, RESPONDENTS.

No. 11921

June 19, 1981                                     630 P.2d 253

 

*Peter Chase Neumann,* Reno, for Appellants.

*Wait, Shamberger, Georgeson, McQuaid & Thompson,* for Respondents.

## OPINION

*Per Curiam:*

This appeal is from entry of a summary judgment in favor of respondent American Savings and Loan Association (American).

Virginia Cooke, who died on April 17, 1977, was injured when the automobile she was operating collided with one operated by Mary Ann Lewis, the wife of James Lewis, president of American. The vehicle driven by Mary Ann had been leased and maintained by American for use by James Lewis.

Appellants' causes of action against American were based on a claimed agency relationship between Mary Ann and American and upon an allegation of negligent entrustment of the vehicle to Mary Ann.

The issues raised by appellants lack merit.

1. American had the power to revoke Mary Ann's privilege to drive the vehicle, but there is no evidence of employment of her by American or of its control over her. Appellants' reliance on National Convenience Stores, Inc. v. Fantauzzi, 94 Nev. 655, 584 P.2d 689 (1978), is misplaced. There this court stated that ". . . [T]he employer can be vicariously responsible only for the acts of his employees, not someone else . . ."

Accepting as true all the evidence and inferences that reasonably could be drawn therefrom and considering it in a light most favorable to appellants, it would be impossible to cast Mary Ann into the role of agent or employee of American. Summary judgment was properly entered. Short v. Riviera Hotel, Inc., 79 Nev. 94, 378 P.2d 979 (1963); Bader Enterprises, Inc. v. Becker, 95 Nev. 807, 809, 603 P.2d 268 (1979).

2. Even if American had actual knowledge of Mary Ann's alleged driving infractions, and if all the allegations were accurate, they would, as a matter of law, be insufficient to envoke against American the theory of negligent entrustment of the vehicle to Mary Ann. Curley v. General Valet Service, Inc., 311 A.2d 231 (Md.App. 1973). *See* Fambro v. Sparks, 72 S.E.2d 473, 480 (Ga.App. 1954) (evidence that driver had had two accidents prior to being entrusted with the automobile could not authorize a conclusion that the driver was incompetent); Parrish v. Yeiser, 298 S.W.2d 556, 560 (Tenn.App. 1955) ("The mere statement that a person has been involved in an automobile wreck is proof of neither negligence nor incompetence as a driver."); *c.f.* Mayer v. Johnson, 148 S.W.2d 454, 457 (Tex.Civ.App. 1941) (one incident of violating traffic regulation insufficient to raise issue for jury).

3. Appellants' contention that the affidavits in support of American's motion for summary judgment stated mere conclusions of law and were insufficient to support the motion is raised for the first time on appeal and need not be considered. International Indus. v. United Mtg. Co., 96 Nev. 150, 606 P.2d 163 (1980).

Affirmed.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[1] concur.

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CHARLES E. SPRINGER, who voluntarily disqualifed himself in this case. Nev. Const. Art. 6, § 19; SCR 10.