EARL T. LAIRD, DONALD A. WEST, DENNIS O. BARRY, GARTH F. DULL, DONALD E. QUILICI, CHARLES ELGES, ET AL., APPELLANTS, v. STATE OF NEVADA PUBLIC EMPLOYEES RETIREMENT BOARD, RESPONDENT.

No. 13300

January 28, 1982

639 P.2d 1171

[Rehearing denied May 17, 1982]

*Smith & Gamble, Ltd.,* Carson City, for Appellants.

*Richard H. Bryan,* Attorney General, and *William E. Isaeff,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

The appellants, employees of the State of Nevada, seek free military service credit under the Public Employees Retirement System. The Public Employees Retirement Board ruled that they were not entitled to free credit and the district court affirmed. We agree.

### THE FACTS

Appellants are state employees who left public employment in the mid to late 1950's and early 1960's to serve in the armed forces of the United States. All of them returned to state employment after their discharge.

Appellants predicate their claims for free credit upon 1941 Nev. Stats. chap. 34, §§ 1-2, at 37-39, codified as NRS 418.010[1] and NRS 418.020.[2] Chapter 34 was a general statute covering

---

[1]418.010 *Reemployment of persons who enlist or are inducted into military service.*

1. Any person who enlists in or is inducted into the military service of the United States, and in order to perform such training and service has left or leaves a position, other than a temporary position, in which the status of seniority is not recognized by the employer . . . shall be restored to his position as provided in subsections 2, 3 and 4.

\* \* \* \* \* \*

3. If the position was as an appointive officer or as an employee in any department, commission or agency of the State of Nevada, or in the employ of any county or political subdivision of the State of Nevada, or in the employ of any city, town or irrigation district within the State of Nevada, the employer shall restore the person to the position or to a position of like seniority, status and pay, unless the employer's circumstances have so changed as to make it impossible or unreasonable so to do.

[2]418.020 *Rights and privileges of persons restored to positions.* Any person who is restored to a position in accordance with the provisions of subsection 2 or 3 of NRS 418.010 shall:

the reemployment of returning veterans. It required Nevada employers, both public and private, to restore a former employee, who left to enter military service, to his previous position without loss of seniority.

The Board and the lower court ruled, however, that appellants' claims for free military service credit are governed by specific statutes found in the Public Employees Retirement Act, NRS 286.300(4).[3]

## THE LEGISLATIVE HISTORY

In 1947 the Legislature created the Public Employees Retirement System of Nevada. It also granted military service credit to members of the created system who left their employment to serve in the armed forces. From 1947 to 1953 the Act provided for free credit in the Retirement System where the service accrued after September 15, 1940.[4]

Later, effective July 1, 1953, the Legislature limited free military credit in the Public Employees Retirement System to persons who had served in the armed forces during designated periods of war or armed conflict, providing the employee had returned to the employ of a Nevada public employer for five years of contributory membership service. The wartime service periods were specified as including September 15, 1940 to December 31, 1946 and June 27, 1950 until the end of the then ongoing Korean conflict.[5]

---

1. Be considered as having been on furlough or leave of absence during his period of training and service in the military service of the United States.

2. Be restored to his position without loss of seniority.

3. Be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted or enlisted in the military service of the United States, or in effect at the time such person was called from his employment under the provisions of this chapter herein referred to.

4. Not be discharged from such position without cause within 1 year after such restoration.

[3]286.300(4).

Any member who has at least 5 years of contributing creditable service may purchase up to 5 years of military service regardless of when served if that service is no longer credited in the military retirement system. To validate military service, the member must provide certification of the inclusive dates of active military service performed, pay the system's actuary for the computation of cost, and pay the full actuarial cost as determined by the actuary.

[4]See 1947 Nev. Stats. chap. 181, § 17(2), at 632.

[5]See 1953 Nev. Stats. chap. 125, § 4, at 131-132.

The policy was reviewed by our Legislature four more times between 1953 and 1975. In each instance (1959, 1961, 1967 and 1969), the Legislature continued its policy of restricting free military service credit to veterans of wartime service only, merely adding new specific time periods for World War I, the end of the Korean conflict (January 31, 1955) and the Vietnam war (August 4, 1964 until the President of the United States declared hostilities terminated).[6] None of the appellants' military service fell within any of the specified statutory periods except part of appellant Quilici's service, for which he has been given credit.

The last legislative review occurred in 1975 when the Legislature repealed in its entirety the existing provisions of NRS 286.500 which contained the free military service credit provision of the Public Employees Retirement Act. At that time the Legislature adopted the language now found at NRS 286.300(4) *supra,* which authorizes any public employee participating in the Public Employees Retirement System to purchase his or her military service credit (up to five years) at its actuarial cost.

While both the general veteran statutes (NRS 418.010 and 418.020) and the subsequent public employee retirement statute (currently NRS 286.300(4)) are related to the same subject, we hold that NRS 286.300(4) is controlling in the instant case. Where a general and a special statute, each relating to the same subject, are in conflict and they cannot be read together, the special statute controls. *See* Western Realty Co. v. City of Reno, 63 Nev. 330, 172 P.2d 158 (1946); Ronnow v. City of Las Vegas, 57 Nev. 332, 65 P.2d 133 (1937); State ex rel. Nevada Tax Commission v. Boerlin, 38 Nev. 39, 144 P. 738 (1914).

Additionally, when statutes are in conflict, the one more recent in time controls over the provisions of an earlier enactment. *See* Marschall v. City of Carson, 86 Nev. 107, 464 P.2d 494 (1970); State ex rel. Nevada Douglass Gold Mines, Inc. v. District Court, 51 Nev. 330, 275 P. 1 (1929); Thorpe v. Schooling, 7 Nev. 15 (1871).

Since NRS 286.300(4) focuses specifically on military service

---

[6]See 1959 Nev. Stats. chap. 142, § 5, at 162; 1961 Nev. Stats. chap. 47, § 1, at 54; 1967 Nev. Stats. chap. 138, § 1, at 216; 1969 Nev. Stats. chap. 482, § 4, at 856.

credit and is more recently enacted than the previous two statutes, it governs the disposition of appellants' claims herein.

Appellants argue that since the 1975 Legislature repealed NRS 286.500, the previously enacted general statutes (NRS 418.010 and 418.020) prevail. We do not agree. With the repeal of NRS 286.500, the Legislature in the same bill amended NRS 286.300 by providing in paragraph 3 (now paragraph 4) that any member of the Public Employees Retirement System who has at least five years of contributory creditable service may *purchase* up to five years of military service credit regardless of when served, so long as such service is no longer still credited in a military retirement system.[7]

> 'Under the common law rules of interpretation, the repeal of a repealing statute operates to revive the original enactment where the repeal of the repealing statute is accomplished by express provision without additional legislation upon the subject matter. However, where the repeal of the repealing statute is achieved by specific provision or *by implication with new additional legislation on the subject matter,* the original legislation is revived only to the extent to which it is consistent with the new legislation.' Sutherland, Statutory Construction (Sands Ed.) § 23.31, at 276. (Citations omitted; emphasis added.)

We hold that the repeal of NRS 286.500 and the concurrent enactment of NRS 286.300(3) (now 286.300(4)), establishes that the Legislature did not intend to revive the 1941 enactment as far as the Public Employees Retirement System is concerned.

[Headnote 5]

Finally, and for the first time on appeal, appellants assert a new claim for relief predicated on the Vietnam Era Veterans Readjustment Assistance Act, 38 U.S.C. § 2021, *et seq.* (1976). We shall not entertain issues raised for the first time on appeal. *See* Cooke v. American Sav. & Loan Assn., 97 Nev. 294, 630 P.2d 253 (1981); International Industries, Inc. v. United Mortgage Co., 96 Nev. 150, 153-54, 606 P.2d 163, 165 (1980); Central Bank v. Baldwin, 94 Nev. 581, 583 P.2d 1087 (1978); Penrose v. O'Hara, 92 Nev. 685, 557 P.2d 276 (1976); Young Electric Sign Co. v. Erwin Electric Co., 86 Nev. 822, 828, 477 P.2d 864, 868 (1970); Clark County v. State, 65 Nev. 490, 506, 199 P.2d 137, 144 (1948).

---

[7]See 1975 Nev. Stats. chap. 575, §§ 30, 88, at 1035-37, 1067.

We conclude therefore that the appellants' reliance on the provision of NRS 418.010 and NRS 418.020 has been misplaced; that the governing statute in the instant case is NRS 286.300(4).

We affirm the judgment of the district court.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[8] concur.