OPINION

Per Curiam:

FACTS

On the evening of April 25, 1993, a Pershing County deputy sheriff found three bags containing a white powdery substance, as *1149 well as a spoon and two straws, in a vehicle driven by appellant Ricky Lee Streight. The deputy sheriff also discovered two pistols in the vehicle, one of which belonged to Streight. Laboratory tests identified the white powdery substance in one of the bags as methamphetamine. Consequently, Streight was charged with violating NRS 453.336, possession of a controlled substance; he was also charged with being an ex-felon in possession of a firearm.
A preliminary hearing was scheduled for July 23, 1993, in the justice’s court. On July 13, 1993, the state mailed Streight a request to establish the presence of methamphetamine through an expert’s affidavit instead of producing the expert at the preliminary hearing. Ten days later, on July 23, 1993, the preliminary hearing began. At the hearing, the state presented the expert’s affidavit, and Streight objected to its admission on the basis of insufficient statutory notice. The justice’s court noted that Streight had not demanded the expert’s presence at least ninety-six hours before the preliminary hearing, and the court admitted the affidavit on the “equitable” ground that Streight had failed to demand the expert’s presence. The justice’s court determined that the state had presented sufficient evidence to support both charges against Streight, and he was bound over for trial in the district court.
On January 13, 1994, Streight filed a pretrial petition for a writ of habeas corpus. In his petition, Streight asserted, among other things, that the expert’s affidavit was improperly admitted because he had not received adequate notice. The state opposed Streight’s petition and asserted that its notice was timely served. On February 16, 1994, after a hearing, the district court entered an order partially granting Streight’s petition. Specifically, the court determined that the state was deficient in providing the required statutory notice and that this lack of notice violated Streight’s Sixth Amendment right to confront the expert witness. Consequently, the court granted Streight’s petition with regard to his methamphetamine possession charge; however, it allowed his charge of ex-felon in possession of a firearm to proceed.

DISCUSSION

NRS 50.325 provides, in pertinent part, as follows:
1. If a person is charged with an offense punishable pursuant to chapter 453 or 484 of NRS . . . and it is necessary to prove ... the existence or identity of a controlled substance ... the prosecuting attorney may request that the affidavit or declaration of an expert... be admitted in evidence at the trial or preliminary hearing concerning the offense.
*1150 2. The request must be made at least 10 days before the date set for the trial or preliminary hearing and must be sent to the defendant’s counsel and to the defendant, by registered or certified mail by the prosecuting attorney.
3. If the defendant or his counsel notifies the prosecuting attorney ... at least 96 hours before the date set for the trial or preliminary hearing that the presence of the expert or other person is demanded, the affidavit or declaration must not be admitted.
When the state wishes to use an expert’s affidavit at a preliminary hearing, NRS 50.325 requires the state to give notice at least ten days before the hearing date. We conclude that the state’s notice was timely. NRS 178.472, which concerns the computation of time, provides that
[i]n computing any period of time the day of the . . . event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a nonjudicial day, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a nonjudicial day.
Thus, in counting days to determine the proper date of service, the first day is not counted, but the last day is counted. Here, counting forward from the date notice was mailed (July 13, 1993), and not counting that day, the tenth day of the notice period was July 23, 1993, the day of the preliminary hearing. We therefore conclude that the state gave the required ten days’ notice of its intent to use the expert’s affidavit.
According to Streight, the state was required to give three additional days’ notice, in addition to its ten-day notice, under NRS 178.482. NRS 178.482 states that “[wjhenever a party has the right or is required to do an act within a prescribed period after the service of a notice or other paper upon him and the notice or other paper is served upon him by mail, 3 days shall be added to the prescribed period.” Here, NRS 178.482 is facially inapplicable: It is triggered when notice is served on a party by mail and that party is required to act within a certain period after receiving the notice. Here, however, the timing of Streight’s demand for the expert’s presence was not based on the date that he received notice; instead his demand was due 96 hours before the date of the preliminary hearing. Furthermore, even if NRS 178.482 is construed as a general calendaring rule when service is by mail, NRS 50.325 requires that the state’s ten-day notice be *1151 served by registered or certified mail. A specific statutory provision governs over a general provision. See Fleischer v. August, 103 Nev. 242, 247, 737 P.2d 518, 521-22 (1987); Laird v. State of Nev. Pub. Emp. Ret. Bd., 98 Nev. 42, 45, 639 P.2d 1171, 1173 (1982). As NRS 50.325 is the more specific provision, it applies to the exclusion of NRS 178.482.
In light of our conclusion that the state complied with the statutory notice requirement, we find it unnecessary to address the additional issues raised below. Accordingly, we reverse the district court’s order partially granting Streight’s petition, and we remand this case to the district court for further proceedings.