# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROLAND THOMAS BLISS,
Appellant,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
Respondent.

No. 79525

FILED

NOV 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment in a vehicle forfeiture action.[1] Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellant purchased a used GMC Sierra Truck from a friend. When he had a smog test conducted on the vehicle, the electronic Vehicle Identification Number (VIN) was different from the public VIN. Respondent seized the vehicle and learned that the electronic VIN belonged to a stolen vehicle. Additionally, the VIN on the engine and the transmission had been ground off, someone had tampered with the federal label on the vehicle, and the confidential VIN had been replaced. Respondent then initiated a civil forfeiture action. The district court initially ordered the vehicle returned to appellant, but on reconsideration the district court ordered the vehicle destroyed.

NRS 482.540(3) provides that a court shall declare a seized vehicle forfeited if the VIN has been altered *and* there is no satisfactory evidence of ownership. However, NRS 482.542(4)(b) requires the district

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-42857

court to order the vehicle destroyed if the VIN has been altered *or* there is no satisfactory evidence of ownership. This court reviews questions of statutory construction de novo. *Zohar v. Zbiegien*, 130 Nev. 733, 736, 334 P.3d 402, 405 (2014). While each of these statutes are unambiguous on their own, because they conflict with each other, we must read the provisions in harmony. *Szydel v. Markman*, 121 Nev. 453, 457, 117 P.3d 200, 202-03 (2005) (providing that when two unambiguous statutes "conflict with each other when applied to a specific factual situation" this court must attempt to harmonize them in light of the legislative intent).

We conclude the district court did not err in ordering the vehicle destroyed. NRS 482.542(4)(a) precluded the district court from returning the vehicle to appellant because the VIN had been altered.[2] Nevertheless, while forfeiture may not have been authorized under NRS 482.540(3) because there was satisfactory evidence of appellant's ownership, respondent could still file a civil forfeiture action under NRS 482.542(2) (providing for a forfeiture action when "disposal of a vehicle seized pursuant to NRS 482.540 is not specifically authorized by statute"). Thus, NRS 482.542(4)(b) then applied, which required the district court to order the vehicle destroyed because the VIN had been altered, regardless of evidence of ownership. The legislative history for NRS 482.542 supports this interpretation as it indicates the issue in forfeiture actions under that

---

[2]The district court did not abuse its discretion in reconsidering its initial decision because the court could not return the vehicle to appellant under NRS 482.542(4)(a). *See Masonry and Tile Contractors Ass'n of S. Nev. v. Jolley, Urga & Wirth, Ltd.*, 113 Nev. 737, 741, 941 P.2d 486, 489 (1997) (providing that a district court may reconsider a previous decision if "the decision is clearly erroneous").

statute does not concern ownership so much as it concerns the legality of the vehicle, with the legislative intent being to keep unsafe and contraband vehicles off the roadways.[3] Further, because NRS 482.542(4)(b) is the more recent enactment, we must harmonize the two statutes in a way that ensures the intent behind NRS 482.542(4)(b) is applied.[4] *See Laird v. State, Pub. Emp. Ret. Bd.*, 98 Nev. 42, 45, 639 P.2d 1171, 1173 (1982) ("[W]hen statutes are in conflict, the one more recent in time controls over the provisions of an earlier enactment"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Jerry A. Wiese, District Judge
Carolyn Worrell, Settlement Judge
Pitaro & Fumo, Chtd.
Liesl K. Freedman
S. Scott Greenberg
Eighth District Court Clerk

---

[3]Because appellant does not provide cogent argument or support for his assertions that this court can only consider statements made by legislators in looking to a statute's legislative history and that the copies of the legislative history provided to the district court were inadmissible hearsay, we do not consider those arguments. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

[4]As NRS 482.450(3) and NRS 482.542(4)(b) conflict, we encourage the Legislature to revisit these provisions.