IN THE SUPREME COURT OF THE STATE OF NEVADA

TERRANCE SCOTT CHORZEMPA,
Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF CORRECTIONS;
BRENT ELMORE; JERRY HOWELL;
JENNIFFER NASH; JOSEPH
FALISZEK; DWIGHT NEVEN; JAMES
G. COX; AND MICHAEL PUGH,
Respondents.

No. 78145

FILED

DEC 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a prisoner's civil rights action.[1] Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Judge.

Appellant Terrance Chorzempa filed a complaint against the Nevada Department of Corrections (NDOC) and certain NDOC employees (collectively, respondents), alleging constitutional violations concerning his confinement in administrative segregation. Specifically, he claimed that respondents failed to review his confinement on a monthly basis, as required by NDOC Administrative Regulation (AR) 507, which violated his right to due process under the Fourteenth Amendment. He also claimed that respondents violated the Eighth Amendment because, while he was in administrative segregation, he witnessed a corrections officer shoot and kill

---

[1]The parties have waived oral argument. NRAP 34(f)(2).

20-46433

an inmate, which caused him severe anxiety. Respondents filed a motion for summary judgment, which Chorzempa opposed and argued was premature because respondents had not complied fully with his discovery requests. The district court granted respondents' motion for summary judgment, and this appeal followed.

Chorzempa argues that the district court erred in granting respondents' motion for summary judgment. He primarily contends that the district court improperly ruled on the summary judgment without first granting him additional time to pursue discovery and without securing his attendance at the summary judgment hearing.

This court reviews a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and evidence demonstrate that no genuine issue of material fact exists and "the moving party is entitled to a judgment as a matter of law." *Id.* All evidence "must be viewed in a light most favorable to the nonmoving party." *Id.* NRCP 56(f) allows for a continuance of a motion for summary judgment should a party need additional discovery to oppose the summary judgment motion. An NRCP 56(f) continuance is only appropriate "when the movant expresses how further discovery will lead to the creation of a genuine issue of material fact."[2] *Aviation Ventures, Inc. v. Joan Morris, Inc.*, 121 Nev. 113, 118, 110 P.3d 59, 62 (2005).

---

[2]We recently amended the Nevada Rules of Civil Procedure, which became effective on March 1, 2019. *See In re Creating a Comm. to Update and Revise the Nev. Rules of Civil Procedure*, ADKT 522 (Order Amending

We conclude that the district court did not err in granting summary judgment to respondents. With respect to the due process claim, the evidence in support of respondents' summary judgment motion shows that NDOC reviewed Chorzempa's confinement in administrative segregation on a monthly basis. This monthly interval complies with NDOC's administrative regulation, *see* AR 507.01(2)(I), and is frequent enough to satisfy due process, *see Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1990) (holding that a review every 120 days satisfies due process). In his opposition to the summary judgment motion, Chorzempa did not dispute that seven reviews in the less-than-eight months that he spent in administrative segregation satisfied due process, nor did he specifically dispute that the seven reviews occurred. Instead, he alleged that he had only signed one review while in administrative segregation. But this assertion did not create a genuine issue of material fact about whether the reviews occurred monthly. Rather, at most, it suggested that he was not present for or notified of most of those reviews. And Chorzempa fails to provide any legal authority that due process requires notice or the opportunity to be present at periodic administrative segregation reviews.[3]

---

the Rules of Civil Procedures, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018). Because this case predates the effective date of the amendments to the NRCP, we refer to the pre-2019 version of NRCP 56.

[3]Chorzempa points to AR 507.01(2)(I)'s requirement that the monthly administrative segregation review be conducted by the "classification committee," but this provision does not require that the committee "see" him or provide him with notice of the review. To the extent that Chorzempa

SUPREME COURT
OF
NEVADA

(O) 1947A

*See Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983) (stating that prison officials must conduct "some sort of periodic review" of the segregation decision to satisfy due process), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). While Chorzempa asserted in his opposition that he needed additional discovery, he did not identify what documents he was missing or explain how any further documents would lead to a genuine dispute of material fact. Thus, the district court did not err in granting summary judgment on his due process claim without first providing him additional time to pursue discovery.

As to the Eighth Amendment claim, the district court properly concluded that respondents were entitled to summary judgment because there was no evidence that the shooting of the inmate was foreseeable or that Chorzempa's placement in administrative segregation created an excessive risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (requiring an inmate to show both a "sufficiently serious" deprivation and deliberate indifference on the part of the prison officials in order to establish an Eighth Amendment violation (internal quotation marks omitted)). Chorzempa did not address the Eighth Amendment claim in his opposition, nor did he identify any discovery that he needed in regard to this claim. Therefore, his argument that the district court should have

_____

argues that the reviews did not comply with AR 507.01(2)(I) because they were not conducted by the classification committee, this claim was not alleged in his complaint and we decline to consider it. *See Laird v. State Pub. Emps. Ret. Bd.*, 98 Nev. 42, 46, 639 P.2d 1171, 1173 (1982) (refusing to consider a claim made for the first time on appeal).

granted him a continuance under NRCP 56(f) fails, and we conclude the district court did not err in granting respondents' motion for summary judgment.[4] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Chief Judge, The Eighth Judicial District Court
       Hon. Joseph T. Bonaventure, Senior Judge
       Armstrong Teasdale, LLP/Las Vegas
       Attorney General/Carson City
       Attorney General/Las Vegas
       Eighth District Court Clerk

---

[4]Chorzempa also argues that he should have been present at the hearing on the summary judgment motion and that the district court improperly relied on the State's one-sided representations at the hearing. We discern no error. Chorzempa had notice of the hearing but did not request to be present, and the district court considered Chorzempa's assertions in his opposition as well as the State's representations about any outstanding discovery.

SUPREME COURT
OF
NEVADA

(O) 1947A