James A. BOORSTEIN, Plaintiff,

v.

The CITY OF NEW YORK, the Police Department of New York, Keith Coco, Individually and as Peace Officer of the City of New York, and John Doe and Richard Roe, Individually and as Peace Officers of the City of New York, the Identity and Number of whom are presently unknown, Defendants.

No. 82 Civ. 7887(CBM).

United States District Court, S.D. New York.

July 18, 1985.

**32**

Ray L. LeFlore, New York City, for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel by Lori S. Josephs, New York City, for defendants.

## OPINION

MOTLEY, Chief Judge.

This case concerns a 42 U.S.C. Section 1983 claim arising out of an incident between plaintiff Boorstein and several New York City police officers on August 31, 1982 in which Boorstein was allegedly beaten and injured, falsely arrested, detained and charged with disorderly conduct and resisting arrest. The charges were later dropped and plaintiff filed this suit for compensatory and punitive damages. Originally Boorstein sued the City of New York (the City), the Police Department of New York (the Police Department) and Officers Keith Coco, Richard Roe and John Doe. Upon defendants' motion for partial summary judgment the suit was dismissed as against defendants the City and the Police Department for failure to state a claim for relief. No. 82–7887 (S.D.N.Y. May 21, 1984).

The matter is presently before the court on plaintiff's motion to strike defendants' offer for judgment to be taken against them pursuant to Fed.R.Civ.P. 68 (Rule 68

offer), and defendants' counter motion to impose sanctions against plaintiff's attorney, Ray LeFlore, for bringing a frivolous motion, as provided in Fed.R.Civ.P. 11. For the reasons set forth below, plaintiff's motion is denied. However, because the court concludes that at the time the motion was filed there was basis in law and fact for the plaintiff's motion to strike, defendants' motion for sanctions is denied.

FACTS:

Beginning in early 1983, defendants made several offers to settle plaintiff's claims for the sum of $5,000.00 which was to cover all costs and attorneys' fees. On March 18, 1985 defendants formalized their settlement offer into a Rule 68 offer for $5,000.00 "inclusive of attorney's fees with costs now accrued." Defendants' attorney then telephoned plaintiff on March 19 in order to explain the significance of the Rule 68 offer and to inform him that it was to "include all costs and all attorney's fees." Defendants' Affidavit in Support of Motion for Sanctions at 3–4.

Subsequent phone conversations between the parties indicate that plaintiff did not understand whether the Rule 68 offer was for $5,000.00 to cover plaintiff's damages and attorneys' fees and costs, or if it was for $5,000.00 to cover damages alone, with attorneys' fees and costs to be paid as part of the settlement, their sums to be determined at a later date. Plaintiff indicated that the former terms would be unacceptable and the latter acceptable. Defendants' Affidavit in Support of Sanctions at 4. Defendants explained that the former terms accurately reflected the offer but they did not change the wording of their offer. Plaintiff indicated that in the alternative an offer of $5,000.00 for plaintiff's damages and approximately $20,000.00 for attorneys' fees and costs would be acceptable. Defendants' Affidavit in Support of Sanctions at 5.

The ten days provided in the rule for response to the offer lapsed without acceptance and defendants filed a new Rule 68 offer on April 5, 1985 with language identical to that of March 18th. Plaintiff did not accept this offer and filed a motion to strike the Rule 68 offer on April 26, 1985 on the basis that the offers were defectively vague, and because *Marek v. Chesny*, — U.S. —, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), which concerned the effect of Rule 68 offers on attorneys' fee awards, was then pending before the Supreme Court. Defendant opposed the motion to strike and moved for Rule 11 sanctions to be imposed upon Mr. LeFlore for bringing the motion to strike the Rule 68 offers. The two Rule 68 offers are hereinafter referred to in the singular since their terms are identical.

DISCUSSION:

Fed.R.Civ.P. 68 is a device used to encourage settlement of suits. Defendants can make a Rule 68 offer for judgment to be taken against them, and plaintiffs have ten days to accept or reject the offer. A rejected Rule 68 offer becomes part of the written record of the case and is used to determine attorneys' fees and costs awards at the close of the suit. If the judgment or settlement ultimately obtained by plaintiff is less than the Rule 68 offer, plaintiff cannot recover attorneys' fees or costs from the date the offer was made to the end of the suit. *Marek*, — U.S. at —, 105 S.Ct. at 3014.

Defendants contend that there is no procedural mechanism to file a motion to strike a Rule 68 offer from the record. Plaintiff cites two cases on this point but both deal with motions to strike the early *filing* of a Rule 68 offer and not to strike the offer itself. *Scheriff v. Beck*, 452 F.Supp. 1254 (D.Colo.1978); *Nabors v. Texas Co.*, 32 F.Supp. 91 (W.D.La.1940). However, in *Klawes v. Firestone Tire & Rubber Co.*, 572 F.Supp. 116 (E.D.Wis.1983), the court granted a "motion to strike" a Rule 68 offer made by plaintiffs to defendants. The court held that Rule 68 only provided for defendants to make offers. *Id.* at 118.

Rule 68 offers have been likened to contract offers in that there must be a "meeting of the minds" and a clear under-

standing of the terms in order to have a valid acceptance of the offer. *Johnson v. University College of University of Alabama in Birmingham,* 706 F.2d 1205, 1209 (11th Cir.1983); *Cruz v. Pacific American Ins. Co.,* 337 F.2d 746, 749 (9th Cir.1964); *Greenwood v. Stevenson,* 88 F.R.D. 225, 230 (D.R.I.1980). *See also Sheriff,* 452 F.Supp. at 1259–60. Because a Rule 68 offer has a binding effect when refused as well as when accepted, a party must also have a clear understanding of the terms of an offer in order to make an informed choice not to accept it. The Supreme Court in *Marek* explains that the purpose of Rule 68 is to encourage settlement of law suits and implies that this purpose would be frustrated if the offer were too unclear to be evaluated for acceptance or rejection. — U.S. at ——, 105 S.Ct. at 3016. In sum, even though there is little precedent for motions to strike Rule 68 offers because of their substance, the court concludes that ambiguous offers should be clarified or stricken to further the purposes of Rule 68 and to protect the ability of parties to make reasonable decisions regarding the conduct of litigation.

■ Defendants also assert that the validity of their Rule 68 offer is a moot question. The court concludes otherwise. Fed.R.Civ.P. 68 states, in pertinent part, "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Payment of costs happens only after the close of the suit through judgment or settlement. Thus, the issue of whether a Rule 68 offer is valid is certainly not moot at the moment the offer's ten day pendency runs. In *Klawes,* 572 F.Supp. at 118, the motion to strike was brought after the ten day pendency. Moreover, the validity and effect of Rule 68 offers is usually not determined until the close of the suit and the filing of attorney's fee applications. *See Marek v. Chesny,* — U.S. ——, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); *Delta Airlines v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981); *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653

(1980). Therefore, the validity of a Rule 68 offer may be determined after its ten day pendency since it affects attorneys' fees and costs awards.

On its face, defendants' offer was unclear as to whether attorneys' fees and costs were included within, or would be paid in addition to, the $5,000.00. When referring to settlements or judgments, "with" has been held to mean "plus", whereas "and" indicates that what follows is to be covered by the sum previously specified. *Chesny v. Marek,* 720 F.2d 474, 476 (7th Cir.1983), *rev'd on other grounds,* — U.S. ——, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). Defendants' offer specified judgment for $5,000.00 "inclusive of attorney's fees *with* costs". Defendants' Rule 68 offer, March 18, 1985 (emphasis added). A reasonable literal interpretation of this offer could be that defendants offered $5,000.00 to cover damages to plaintiff and attorneys' fees, whereas "costs" that defendants would pay to plaintiff would be determined at a later time.

Defendants insist that their Rule 68 offer is valid because it is adopted "almost verbatim" from the valid offer made by the City of New York in *Lyons v. Cunningham,* 583 F.Supp. 1147 (S.D.N.Y.1983). However, defendants' offer differs from that in *Lyons* because it specifies "with costs", whereas *Lyons* specifies "inclusive of attorney's fees *and* all costs accrued". *Id.* at 1151 (emphasis added). This change in wording is precisely what causes the confusion in the case before us.

In her Affidavit in Support of Sanctions, defendants' counsel documents a series of phone calls between counsel to the parties, in which plaintiff expressed confusion about the wording of the Rule 68 offer, and defendants clarified that the $5,000.00 was to cover all damages, attorneys' fees and costs. Plaintiff indicated verbally to defendants that these terms were unacceptable, and made a counter offer to settle for $5,000.00 in damages and approximately $20,000.00 in fees and costs. Defendants' Reply Affidavit in Support of Sanc-

tions at 7; Defendants' Affidavit in Support of Sanctions at 3–5.

■ Because plaintiff does not refute that these clarifying conversations transpired, the court can only conclude that the poorly worded offer was clarified orally by defendants and that plaintiff understood the terms he was rejecting when he failed to respond to the offer within ten days. Thus, the poorly worded Rule 68 offer stands clarified as part of the written record of this suit: it was $5,000.00 to cover all plaintiff's damages as well as all attorneys' fees and costs. Because no corrective action is required plaintiff's motion to strike is denied.

■ Defendants have moved to impose Fed.R.Civ.P. 11 sanctions against plaintiff's counsel on the grounds that there was no basis in fact or law for the motion to strike and that plaintiff's motion was therefore introduced in order to delay and increase the cost of litigation. The court concludes, however, that Rule 11 sanctions against plaintiff's attorney are inappropriate. As explained above, plaintiff's motion to strike the Rule 68 offer is procedurally permissible. Even if it were not, it presents, at a minimum, a good faith argument for the extension or modification of existing law as required by the Second Circuit. *Eastway Construction Company Corp. v. The City of New York*, 762 F.2d 243, 253–54 (2d Cir.1985). Because of the ambiguity of the wording of the Rule 68 offer there was also basis in fact for the motion to strike. The court therefore concludes that plaintiff was not motivated by an improper purpose in prosecuting this motion, but sought to correct the written record of the case to avoid future confusion in assignment of fees and costs.[1]

The court has examined the other procedural issues raised by the parties and finds them to lack merit.

---

1. The issue of whether attorneys' fees are included within "costs" as defined by Rule 68 had not been decided when this Rule 68 offer was pending and when the motion to strike was filed. Subsequently, in *Marek v. Chesny*, —— U.S. ——, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), it was determined that "costs" do include attorneys' fees. In light of this definition, the wording of defendants' written offer, covering attorneys' fees within the $5,000.00, but arguably leaving open until later the question of the amount of "costs" to be paid, is even more confusing. Plaintiff justifiably was concerned about the effect that *Marek* might have on the interpretation of defendants' offer.