FREIDA JEAN FLEISCHER, M.D., Appellant, *v.* CHARLES AUGUST, Executor of the Estate of RUTH L. ZWEIFLER, Respondent.

No. 17342

May 29, 1987 737 P.2d 518

*Harold P. Gewerter & Michael F. Bohn*, Las Vegas, for Appellant.

*Gregory Hafen & Robert Jensen,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Plaintiff Ruth Zweifler[1] sued defendant Dr. Freida Fleischer for medical malpractice for failure to diagnose endometrial adeno-carcinoma, a form of cancer. The complaint was filed October 29, 1985.

On March 27, 1986, Fleischer's attorney, Harold Gewerter, served Zweifler's attorney, Gregory Hafen, with an offer of judgment pursuant to NRCP 68. The offer stated:

> PLEASE TAKE NOTICE that pursuant to the provisions of N.R.C.P. 68, the Defendant, FREIDA JEAN FLEIS-CHER, M.D., hereby offers to allow judgment to be taken against her in the sum of Fifty Thousand Dollars ($50,000.00), *including costs herein incurred.* This offer is in no way an admission of liability and the Defendant waives no defenses by virtue of this offer. The offer is to include attorney's fees and is voided by an award of same.

(Emphasis added.) Around April 2, 1986, Hafen telephoned Gewerter to discuss the offer. Hafen told Gewerter he believed the offer, as worded, was for $50,000.00 *plus* costs. Gewerter told Hafen his client was offering a flat sum of $50,000.00 which *included* costs. No one disputes this part of the conversation.

---

[1]Zweifler died during the pendency of this appeal and is therefore represented in this action by Charles August, her executor.

Hafen contends that Gewerter then said he would get back to plaintiff's counsel, or file an amended offer. Gewerter disputes this.

On April 4, 1986, Hafen filed and served on opposing counsel a notice of acceptance of the March 27 offer, a memorandum of costs in the amount of $4,958.24, and judgment in the amount of $54,958.24. On April 8, 1986, defense counsel sent Hafen a letter stating that the judgment was faulty in that it added costs in addition to the $50,000.00. Hafen replied by letter April 10 that he interpreted NRCP 68 and the offer to provide for costs in addition to $50,000.00. He suggested defense counsel file a motion to amend the judgment to settle the issue of costs.

On April 11, defense counsel filed a motion to amend the judgment, based on the facts outlined above. Hafen opposed the motion, arguing that the offer must include costs in addition to the amount of settlement to be valid under Rule 68, and that the motion to amend was the improper method to attack the judgment. He claimed Fleischer should have filed a motion to retax costs pursuant to NRS 18.110(4), and, since she failed to do this in a timely fashion, she was barred from disputing the award of costs. The district court agreed and Fleischer appeals.

Fleischer first argues that the district court improperly allowed the judgment of $54,958.24 (offer plus costs) to stand. She contends that her offer was for a flat sum of $50,000.00, and that plaintiff's counsel knew this because he was told during a telephone conversation. Therefore, it was improper for plaintiff's counsel to cause judgment to be entered for more than $50,000.00 since counsel knew the defense only intended to pay $50,000.00. August contends the language of the offer itself, together with NRCP 68, necessarily means that the offer had to be for $50,000.00, with costs in addition to this sum.

NRCP 68 provides, as relevant here:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him *for the money or property or to the effect specified in his offer, with costs then accrued* . . . .

(Emphasis added.)

August insists the emphasized language in the rule, when read together with the ''ambiguous'' wording of the offer, mandates an award of costs separate from the offer of $50,000.00. Fleischer contends that the wording of the offer was clear, and that, assuming it was not, it was clarified through the telephone conversation where defense counsel told plaintiff's counsel that the offer included costs. Further, Fleischer argues that Rule 68 does not require an offer specify an amount of costs separate from the offer itself.

Both sides rely on the recent case of Marek v. Chesny, 473 U.S. 1 (1985). In *Marek* the high court addressed the issue of whether attorney's fees incurred by a plaintiff in a civil rights action subsequent to an offer of judgment under FRCP 68[2] are included as "costs" within the meaning of the rule. The court first noted that "the plain purpose of Rule 68 is to encourage settlement and avoid litigation." 473 U.S. at 5; *accord* Beattie v. Thomas, 99 Nev. 579, 668 P.2d 268 (1983). The court then addressed the plaintiff's contention that Rule 68 requires that an offer must separately recite the amount that the defendant is offering in settlement of the substantive claim *and* the amount he is offering to cover accrued costs. The court rejected this contention and adopted a construction of the rule which best furthers the objective of the rule, which is to encourage settlements. *Marek,* 473 U.S. at 6. "If defendants are not allowed to make lump-sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers." *Id.* at 6-7.

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, [citation] it determines to be sufficient to cover the costs. . . . Accordingly it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid.

(Emphasis in original.) *Marek,* 473 U.S. at 6.

This language supports Fleischer's contention that a valid offer of judgment need not separately recite the amount of costs. *Marek* also squarely supports Fleischer's proposal that the offer of judgment here was a valid offer for a lump sum of $50,000.00, an amount which *included* costs.[3] We agree with the high court that defendants would be reluctant to make settlement offers if they were not allowed to make lump-sum offers which represented their total liability.

---

[2]NRCP 68 and FRCP 68 are identical as relevant to this appeal.

[3]We note that the offer at issue in *Marek* was not materially different from the offer at issue here. The *Marek* offer was "for a sum, including costs now accrued and attorney's fees, of ONE HUNDRED THOUSAND ($100,000) DOLLARS." *Marek,* 473 U.S. at 3-4.

The instant case is similar to the recent federal case of Boorstein v. City of New York, 107 F.R.D. 31 (S.D.N.Y. 1985). *Boorstein* involved a poorly worded offer which did not clearly state whether the amount offered included fees and costs. Defense counsel had discussed the offer over the telephone with plaintiff's counsel and clarified that the offer did not include costs. The court held that "[b]ecause plaintiff does not refute that these clarifying conversations transpired, the court can only conclude that the poorly worded offer was clarified orally by defendants and that plaintiff understood the terms he was rejecting . . ." *Id.* at 35.

Similarly here, to the extent the offer can be considered ambiguous, it was clarified during the telephone conversation when defense counsel told plaintiff's counsel that the $50,000.00 offer was for a lump sum, which included costs. "Rule 68 offers have been likened to contract offers in that there must be a 'meeting of the minds' and a clear understanding of the terms in order to have a [sic] acceptance of the offer." *Boorstein,* 107 F.R.D. at 34. When attorney Hafen accepted the offer on behalf of his client, he had a clear understanding from speaking with defense counsel on the telephone, that the offer of judgment was for $50,000.00, a sum which included costs and fees. Consequently, it was improper for him to have entered judgment in excess of that amount.

Fleischer contends that a motion to amend the judgment was the proper method to correct the error that occurred here. She notes that none of the costs were questioned. The offer was intented to cover all costs, and attorney's fees, as it plainly stated. Therefore, contrary to August's contentions, there was no need for a motion to retax and settle costs under NRS 18.110(4).[4] Fleischer argues that NRS 18.110(4) is intended to remedy situations where costs are disputed. *See* Reno Electrical Works, Inc. v. Ward, 53 Nev. 1, 290 P. 1024 (1930) (proper method of attack on disputed item of costs). Here, costs were never disputed—the amount of the total judgment was disputed so that the correct attack was a motion to amend the judgment under NRCP 59(e).[5]

---

[4]NRS 18.110(4) provides:

> Within 3 days after service of a copy of the memorandum, the adverse party may move the court, upon 2 days' notice, to retax and settle the costs, notice of which motion shall be filed and served on the prevailing party claiming costs. Upon the hearing of the motion the court or judge shall settle the costs.

[5]NRCP 59(e) provides:

> A motion to alter or amend the judgment shall be served not later than 10 days after service of written notice of entry of judgment.

August argues that NRS 18.110(4) is a specific statute dealing with disputed costs. Therefore, it should control and the general rule set out in NRCP 59(e) does not apply. *See* Laird v. State of Nev. Pub. Emp. Ret. Bd., 98 Nev. 42, 639 P.2d 1171 (1982). However, August has misread the law on this issue. *Laird* states that "[w]here a general and a specific statute, *each relating to the same subject, are in conflict* and they cannot be read together, the special statute controls." *Laird,* 98 Nev. at 45, 639 P.2d at 1173, citations omitted, emphasis supplied. Here, NRCP 59(e) and NRS 18.110(4) do not necessarily relate to the same subject and are not in conflict. Consequently, the rule August cites would not apply.

We agree with Fleischer on this point. *Reno Electrical Works,* cited above, states that the only way to object to a *specific* item of costs is to utilize the statutory procedure. *Id.* at 6, 290 P. at 1025. Fleischer does not object to a specific item or items in the bill of costs—she objects to the fact that judgment was entered for $50,000.00 *plus* costs when the offer of judgment stated that the sum of $50,000.00 *included* costs. She does not object to any of the costs, but to the judgment itself. Therefore, a motion under NRCP 59(e) to amend or alter the judgment was the proper procedure to rectify the error. The district court was incorrect when it ruled otherwise, and allowed the judgment in excess of $50,000.00 to stand.

We agree with both of Fleischer's contentions on appeal, and hold that the district court erred in ruling against her. To remedy the incorrect judgment, the district court is directed to vacate its former judgment and enter a new judgment in favor of Zweifler, or her representative, in the amount of $50,000.00.