[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S BILL OF COSTS
This case arises out of an automobile accident in an East Haven parking lot. The defendant had filed an offer of judgment in the amount of $3500, which offer the plaintiff accepted. The only issue that remains is whether the plaintiff is entitled to recover costs as a result of its acceptance of the offer of judgment. The defendant's offer of judgment stated: "Pursuant to Practice Book section 17-11, the defendant hereby directs to the plaintiff this offer of judgment offering to allow plaintiff to take judgment for the sum of THREE THOUSAND FIVE HUNDRED ($3,500.00) DOLLARS which includes any and all interest and costs forjudgment" (Emphasis added). The plaintiffs acceptance of the offer of judgment, however, reads: "The plaintiff, Elizabeth Bredeau, herewith accepts the defendant's offer of judgment dated August 13, 2002, in the amount of THREE THOUSAND FIVE HUNDRED AND NO/ONE HUNDRED ($3,500.00) DOLLARS in accordance with § 52-194 of the Connecticut General Statutes together with their Bill of Costs as attached thereto." The plaintiffs and defendants have stipulated that they have in fact agreed to allow judgment to enter in the amount of $3500, and the only question for resolution by the court is whether a defendant may file an offer of judgment in an amount that specifically includes costs, thereby eliminating the other party's right to seek additional costs upon acceptance.
Practice Book § 17-11 provides: "In any action on contract, or seeking the recovery of money damages, whether or not other relief is sought, the defendant may not later than thirty days before the commencement of jury selection in a jury trial or before the commencement of evidence [is offered at the] in a court trial file with the clerk of the court a written notice signed by the defendant or the defendant's attorney, directed to the plaintiff or the plaintiffs attorney, offering to allow the plaintiff to take judgment for the sum named in such notice."
Practice Book § 17-12 provides, in pertinent part: "The plaintiff CT Page 15407 may, within ten days after being notified by the defendant of the filing of such offer, file with the clerk of the court a written acceptance of such offer signed by the plaintiff or the plaintiffs attorney. Such written acceptance being filed, the judicial authority shall render judgment against the defendant as upon default for the sum so named andfor the costs accrued at the time of the defendant's giving the plaintiff notice of such offer . . ." (Emphasis added). General Statutes §§ 52-193
and 52-194 include provisions comparable to these Practice Book Rules.
"It is a settled principle of our common law that parties are required to bear their own litigation expenses, accept as otherwise provided by statute. Furthermore, because [c]osts are the creature of statute . . . unless the statute clearly provides for them, courts cannot tax them." (Citations omitted; internal quotation marks omitted). M. DeMatteoConstruction Company v. New London, 236 Conn. 710, 715, 674 A.2d 845
(1996). As both our statutes and rules provide for the taxing of costs in cases where offers of judgment have been accepted by a plaintiff, it is clear that the plaintiff in this case would normally have the right to present a Bill of Costs following the entry of judgment.
The defendant in this case, however, expressly conditioned his offer of judgment on the proposition that the total sum of $3500 included any applicable costs. Whether such a conditional offer of judgment is contemplated by our rules and in statutes is a question that appears not to have been expressly addressed by any of our Connecticut courts.
Some decisions, however, give guidance. In his frequently quoted dissent in Blakeslee Arpaia Chapman, Inc. v. A.I. Constructors, Inc.,239 Conn. 708, 753 (1997), Justice Borden noted that the "statute has a two part purpose: (1) to promote fair and reasonable settlements, and (2) to do so by penalizing the failure to accept an offer of judgment that later turns out to have been reasonable, gauged by the fact that it is less than the ultimate judgment." Although the statute under discussion was that pertaining to offers of judgment by plaintiffs, there is no reason to believe that the same reasoning would not apply to offers of judgment by defendants.
In Marek v. Chezny, 473 U.S. 1, 6, 105 S.Ct 3012, 3015, the United States Supreme Court was also concerned about the role that offers of judgment play in promoting settlement. In ruling on the validity of an all-inclusive offer of judgment which, like the instant one, included costs, the Court noted that if "defendants are not allowed to make lump sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers."473 U.S. at 6-7,105 S.Ct at 3016. The notion behind this conclusion was that if the CT Page 15408 defendant wants to limit its total exposure with an all-inclusive offer of judgment that includes costs, rather than a more open-ended one in which the amount of costs is to be determined after the offer is accepted. it should be allowed to do so consistent with the purposes of offer of judgment statutes and rules. An offer of judgment that offered to pay a specified sum as damages but that specifically excluded costs, in contrast, would violate the rule and be invalid. "Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment not include costs, a timely offer will be valid." Marek v. Chezny, 473 US at 6,105 S.Ct at 3015 (emphasis in original.)
The identical conclusion was reached in Fleisher v. August, 737 P.2d 518
(1987). The relevant Nevada Rule of Practice provided that "at any time more than ten days before trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued . . ." NRCP 68. The Nevada Court held: "If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included or an amount for costs is not specified, the court will be obliged by the terms of the rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs." (Internal citations omitted) 737 P.2d at 520.
Although, in this case, the plaintiff originally worded her acceptance of the offer in a way that suggested that she would also seek costs, she has acknowledged that for purposes of this motion, she had accepted the defendant's offer on the defendant's own terms, leaving whether the defendant had the right to couch the terms of his offer in such a way that the lump sum included costs as the only question to be resolved by the court. Based on the United States Supreme Court's reasoning and holding in Marek v. Chezny, which has been followed by the Supreme Court of Nevada in Fleisher v. August, and in consideration of the purposes of the offer of judgment rules and statutes, this court concludes that a defendant does have the right to file an offer of judgment in a lump sum which specifically provides that the costs to which the plaintiff is entitled have already been already included in the total amount. For all of these reasons, the plaintiffs Bill of Costs is disallowed
Jonathan E. Silbert, Judge CT Page 15409