RENATE SCHIFF, Trustee, Schiff Properties, Appellant, v. CALVIN WINCHELL, an Individual dba CGL SEAFOOD, INC., Respondent.

No. 53168

August 12, 2010                                      237 P.3d 99

*Muije & Varricchio* and *John W. Muije*, Las Vegas, for Appellant.

*Glade L. Hall*, Reno, for Respondent.

Before HARDESTY, DOUGLAS and PICKERING, JJ.

## OPINION

By the Court, DOUGLAS, J.:

In this appeal, we consider whether the district court erred in determining that the date of the original judgment on a jury verdict, rather than the date of an amended judgment entered on remand, was the appropriate date for determining the rate of prejudgment interest. We conclude that the district court did not err and that the appropriate date for determining prejudgment interest is the date the original judgment was entered.

### FACTS

The initial suit in this case involved a dispute between a commercial landlord and tenant. Respondent Calvin Winchell sued appellant Renate Schiff, as trustee of Schiff Properties, for conversion. The matter proceeded to trial and the jury found in Winchell's favor. On March 7, 2006, the district court entered a judgment against Schiff, awarding Winchell monetary damages. The judgment was appealed and this court issued an opinion on October 9, 2008, affirming in part, reversing in part, and remanding with instructions to offset Winchell's award of damages by the amount he recovered under his insurance policy. *See Winchell v. Schiff*, 124 Nev. 938, 193 P.3d 946 (2008). Pursuant to our instructions, the district court entered an amended judgment on December 9, 2008.

During proceedings on remand, the parties presented arguments regarding which judgment date should be used to determine the rate of prejudgment interest. Schiff argued that December 9, 2008, the date the amended judgment on remand was entered, is the appropriate date for determining the prejudgment interest rate. Conversely, Winchell argued that March 7, 2006, "[t]he date the [original] judgment [was] entered[,] should be the date that prejudgment interest should be set."

After hearing arguments from both parties, the district court determined that the proper date for determining the prejudgment interest rate was March 7, 2006, the date the original judgment was entered. This appeal followed.

## DISCUSSION

Schiff argues that the only appropriate judgment date for purposes of determining prejudgment interest is December 9, 2008. Schiff reasons that although the original judgment was entered pursuant to the jury verdict on March 7, 2006, the only time an accurate damage amount was conclusively determined was December 9, 2008. Schiff contends that since the damage amount was not conclusively determined and liquidated until the entry of the amended judgment after remand on December 9, 2008, the March 2006 date should not be the operative date for purposes of fixing the interest rate. Accordingly, Schiff asserts that this court should reverse the judgment as entered and direct the district court to enter a corrected judgment with interest set by the rate effective on the December 9, 2008, amended judgment date.

Winchell counters that *Lee v. Ball*, 121 Nev. 391, 116 P.3d 64 (2005), clearly states that the appropriate interest rate for prejudgment interest is "the single rate in effect on the date of judgment." *Id.* at 396, 116 P.3d at 67. Winchell argues that public policy requires the effective interest rate be set on the date judgment is entered, rather than after an appeal has been settled, because the date judgment is entered is closer in time to the plaintiff's loss. Further, Winchell suggests that setting the interest rate after an appeal would provide an incentive for parties to pursue an appeal in hopes that the interest rates will decrease over the course of the appeal.

Schiff responds by arguing that the unusual circumstance of a significant modification to a judgment in this case requires that the operative date for determining prejudgment interest be the date of entry of the amended judgment after remittitur. Accordingly, Schiff argues that "the date that a final undisputed, liquidated damage amount is established is the date that should control" the applicable interest rate, and therefore, December 9, 2008, is the operative date for determining the prejudgment interest rate in this case.

### Standard of review

"We review an award of prejudgment interest for error." *Kerala Properties, Inc. v. Familian*, 122 Nev. 601, 604, 137 P.3d 1146, 1148 (2006). Pursuant to NRS 17.130(1) prejudgment interest is awarded on judgments "for any debt, damages, or costs." Further, NRS 17.130(2) allows for the award of prejudgment interest, and provides that

> [w]hen no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied, except for any amount representing

future damages, which draws interest only from the time of the entry of the judgment until satisfied, at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment, plus 2 percent. The rate must be adjusted accordingly on each January 1 and July 1 thereafter until the judgment is satisfied.

This court has said that "until satisfied" in NRS 17.130(2) occurs upon the entry of the judgment in the district court.[1] *Lee*, 121 Nev. at 396, 116 P.3d at 67.

### Date of judgment

We first look to statutory authority to determine which judgment date triggers the applicable interest rate. NRS 17.130(2) provides, in relevant part, that the interest rate to be applied to any prejudgment interest is the rate that is established "immediately preceding the date of judgment." In this appeal, the district court entered a judgment on the jury's verdict in March 2006 and the amended judgment upon remand was entered in December 2008. Under NRS 17.130(2)'s plain language, we have not previously been called upon to determine what judgment date applies when this court affirms in part, reverses in part, and remands the matter to the district court with instructions to offset a plaintiff's award. Thus, we turn to a Nevada rule governing a similar issue and caselaw from other states for guidance.

NRAP 37 establishes the judgment date for purposes of the accrual of post-judgment interest when an appeal has been decided by this court. Logically, the judgment date is the same for purposes of determining the appropriate rate of prejudgment interest. Pursuant to NRAP 37(a), "[u]nless the law provides otherwise, if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered."

Further, NRAP 37(b) states, "[i]f the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest." In our previous opinion, this court did not modify or reverse the judgment with a direction that a judgment for money be entered; we affirmed the judgment for money but remanded with instructions to offset Winchell's judgment by the amount he recovered under his insurance policy.

---

[1]*Lee* states, "[u]nder the plain language of NRS 17.130(2), the district court should have calculated prejudgment interest at the single rate in effect on the date of judgment." *Lee*, 121 Nev. at 396, 116 P.3d at 67.

*Winchell*, 124 Nev. at 949-50, 193 P.3d at 953-54. This court has not previously made a determination as to whether a modification to the amount of a money judgment constitutes an affirmation or a reversal of the original judgment. We take the opportunity to do so now.

In neighboring states, courts have determined that when a judgment is modified on appeal, the modification is treated as an affirmation of judgment and interest accrues from the date of entry of the original judgment. *Pearson v. Schmitt*, 492 P.2d 269, 270 (Or. 1971) ("The view as now taken by a majority of the states is that where a money award has been modified on appeal . . . then the interest on the award, as modified, should run from the date of original judgment."); L. R. James, Annotation, *Date From Which Interest on Judgment Starts Running, as Affected by Modification of Amount of Judgment on Appeal*, 4 A.L.R. 3d 1221 (1965 & Supp. 2010); *Stockton Theatres, Inc. v. Palermo*, 360 P.2d 76, 78 (Cal. 1961); *Munoz v. City of Union City*, 92 Cal. Rptr. 3d 527, 531 (Ct. App. 2009); *Lakin v. Senco Products, Inc.*, 987 P.2d 476, 478 (Or. 1999); *Brown v. David K. Richards & Co.*, 978 P.2d 470, 477 (Utah Ct. App. 1999); *Fulle v. Boulevard Excavating, Inc.*, 610 P.2d 387, 389 (Wash. Ct. App. 1980). Each of these states considers any modification on appeal, whether upward or downward, as an affirmation of the original judgment. *Stockton Theatres*, 360 P.2d at 78; *Muñoz*, 92 Cal. Rptr. 3d. at 531; *Brown*, 978 P.2d at 477; *Lakin*, 987 P.2d at 478; *Fulle*, 610 P.2d at 389. We adopt the same rationale for Nevada.

Since this court effectively affirmed the original judgment in the prior appeal in this case, we conclude that the original date of the district court judgment should set the prejudgment interest rate as set forth in NRS 17.130(2). Accordingly, we affirm the amended judgment of the district court.

HARDESTY and PICKERING, JJ., concur.