An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

R & S ST. ROSE LENDERS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant/Cross-Respondent,
vs.
BRANCH BANKING AND TRUST
COMPANY, SUCCESSOR IN
INTEREST TO FEDERAL DEPOSIT
INSURANCE CORPORATION AS
RECEIVER OF COLONIAL BANK, N.A.,
Respondent/Cross-Appellant,
    and
COMMONWEALTH LAND TITLE
INSURANCE COMPANY, AS
ASSIGNEE OF ROBERT E. MURDOCK,
ESQ.; AND ECKLEY M. KEACH, ESQ.,
Respondent.

No. 56640



FILED

MAY 3 1 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal and cross-appeal from a final district court judgment and order determining lien priority in consolidated contract actions. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

In August of 2005, R. Phillip Nourafchan and Saiid Forouzan Rad formed R&S St. Rose Lenders, LLC (R&S Lenders) to fund the purchase of undeveloped real property on the corner of St. Rose Parkway and Spencer Road in Henderson, Nevada (the Property). R&S St. Rose LLC (St. Rose), also managed by Nourafchan and Rad, was formed to enter into a land-banking arrangement with developer Centex Homes. Under the arrangement, St. Rose would purchase the Property for $45

million and hold it for a year. During that time, Centex could exercise its purchase option and buy the Property from St. Rose for $54 million.

St. Rose's acquisition money came from three sources: (1) a promissory note payable to Colonial Bank, N.A. (Colonial) in the amount of $29 million secured by a first-priority deed of trust against the Property (the Purchase Loan); (2) nonrefundable deposits in the amount of $8 million from Centex; and (3) a promissory note payable to R&S Lenders in the amount of $12 million secured by a deed of trust against the Property that was recorded after the Colonial Bank deed of trust (R&S Lenders Deed of Trust).

Rad and Nourafchan obtained the financial backing for R&S Lenders by soliciting funds from private investors, including Eckley M. Keach and Robert E. Murdock. Keach agreed to loan $500,000, and Murdock agreed to loan $100,000. Keach and Murdock obtained individual promissory notes to secure their loans. Both promissory notes required St. Rose to pay monthly interest on the principal amounts at a rate of 12.5% per annum, due on the first day of each month, and contained late-fee provisions. However, these notes were not secured by a beneficial interest in a deed of trust.[1]

When Centex decided not to exercise its purchase option, St. Rose needed additional money to hold and develop the Property. In 2007, St. Rose obtained an additional loan from Colonial not exceeding $43 million (the Construction Loan). The Construction Loan was intended to pay off the Purchase Loan and provide funding for improvements on the

---

[1]Keach and Murdock subsequently assigned their judgment against R&S Lenders to respondent Commonwealth Title Insurance Company.

Property. A deed of trust in favor of Colonial secured the Construction Loan (the 2007 Deed of Trust). As part of the Construction Loan transaction, Nevada Title Company issued Colonial a title insurance policy for $44 million. This title policy insured that the 2007 Deed of Trust was in first priority position against the Property and that the R&S Lenders Deed of Trust was removed as an exception to marketable title. Funds from the Construction Loan were used to pay off the amount due under the Purchase Loan. However, Nevada Title did not obtain a release, reconveyance, or a subordination agreement for the R&S Lenders Deed of Trust.

When St. Rose defaulted on the Construction Loan and stopped making payments to R&S Lenders, Colonial and R&S Lenders recorded notices of default. Both foreclosure proceedings were enjoined pending the outcome of this dispute between R&S Lenders and Colonial regarding the priority of the deeds of trust. During the litigation, the Alabama State Banking Department closed Colonial and named the Federal Deposit Insurance Corporation (FDIC) as receiver. The same day, Branch Banking and Trust (BB&T) and the FDIC entered into a "Purchase and Assumption Agreement, Whole Bank All Deposits" (the PAA) to transfer Colonial's assets to BB&T.

R&S Lenders appeals from a district court order granting summary judgment in favor of Murdock and Keach on their claims for breach of the promissory notes. R&S Lenders alleges that the district court erred when it calculated the interest due under Murdock and Keach's promissory notes. BB&T appeals the district court's determination that the R&S Lenders Deed of Trust had priority over the 2007 Deed of Trust because BB&T did not prove that it received a valid

assignment of the Construction Loan from the FDIC. BB&T alleges that the district court improperly analyzed its ownership of the Construction Loan.

*The district court did not err in its interest calculations on Murdock and Keach's promissory notes*

We review an order granting a motion for summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Prejudgment interest awards are reviewed for error. *Schiff v. Winchell*, 126 Nev. ___, ___, 237 P.3d 99, 100 (2010).

On appeal, R&S Lenders challenges the district court's calculation of interest in its order granting Murdock and Keach's motion for summary judgment. Specifically, R&S Lenders argues that allowing a 5% monthly late fee to accrue on the total amount owed after the maturity date was not provided for in the notes and is contrary to law. R&S Lenders also argues that the imposition of the 25% default rate on the entire prejudgment amount owed to Murdock and Keach is improper compound interest.

We conclude that the district court did not err when it determined that the calculations attached to Murdock and Keach's motion for summary judgment accurately set forth the amount owed by R&S Lenders under the promissory notes. The plain language of the promissory notes allows a 5% monthly charge as liquidated damages in two amounts: first, on delinquent monthly interest payments, and second, on the entire amount due under the promissory notes if not paid by the maturity date. Further, we conclude that the district court's provision for a 25% default rate does not equate with ordering compound interest because the interest is not being added back into the principal. *See* 44B Am. Jur. 3d *Interest and Usury* § 54 (2007) (compound interest occurs

when "accrued interest is added periodically to the principal, and interest is then computed upon the new principal thus formed," and is not the mere "allowance of interest on overdue installments of interest").

*The district court's conclusion that BB&T did not prove ownership of the loan was supported by substantial evidence*

On cross-appeal, BB&T challenges the district court's rulings relating to its claims against St. Rose for failure to pay under the Construction Loan and the respective priorities of the 2007 Deed of Trust and the R&S Lenders Deed of Trust. Specifically, BB&T argues that the district court erred in determining that it lacked standing to assert the claims it raised in its complaint. BB&T further contends that the district court should not have concluded that the R&S Lenders Deed of Trust had priority over the 2007 Deed of Trust. R&S Lenders responds that the district court properly granted its NRCP 52(c) motion because BB&T failed to prove that it owned the Construction Loan, which was an implied element of its claim.

We will not set aside a district court's findings of fact and conclusions of law unless clearly erroneous. *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 486, 117 P.3d 219, 223 (2005). Generally, a merger transfers all assets and liabilities, while in an asset purchase, assets and liabilities are not assumed unless otherwise specified. *See Vill. Builders 96, L.P. v. U.S. Labs., Inc.*, 121 Nev. 261, 268, 112 P.3d 1082, 1087 (2005); *Caires v. JP Morgan Chase Bank*, 745 F. Supp. 2d 40, 48-49 (D. Conn. 2010) ("the FDIC [has the] ability to designate specific assets and liabilities for purchase and assumption . . . [and] a Court should look to the purchase and assumption agreement governing the transfer of assets between the FDIC and a subsequent purchaser of assets of a failed

bank to determine which assets and corresponding liabilities are being assumed").

The PAA was an asset purchase and therefore the district court looked to its language in order to determine which assets and corresponding liabilities were transferred to BB&T. However, due to the omission of the schedules of assets, the district court found that PAA did not transfer the Construction Loan to BB&T. We agree, and therefore conclude that the district court's decision to grant R&S Lenders' NRCP 52(c) motion after BB&T failed to carry its evidentiary burden to prove its ownership of the Construction Loan was not clearly erroneous.[2]

Further, we conclude that the district court's decision to exclude two documents relating to BB&T's interest in the Construction Loan was not an abuse of discretion because the documents were not properly produced in accordance with the disclosure requirements of NRCP 16.1(a)(1) or NRCP 26(3)(a). *See M.C. Multi-Family Dev. v. Crestdale Assocs.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (we review a district court's decision to deny admission of evidence for abuse of discretion).

---

[2]BB&T urges us to adopt the reasoning in *Branch Banking & Trust Co. v. Navarre 33, Inc.*, No. 3:10CV10/MCR/EMT, 2012 WL 2377851 (N.D. Fla. May 21, 2012), but we conclude the reasoning of that case is unpersuasive. Although *Navarre* involved the same PAA between the FDIC and BB&T, the case concerned a breach of contract relating to a promissory note. *Id.* at *1. The Federal District Court for the Northern District of Florida concluded that the no genuine issues of material fact existed regarding whether the PAA excluded the promissory note at issue. *Id.* at *5-6. Therefore, not only did *Navarre* deal with a different procedural posture, it also involved the negotiation of a promissory note, not the assignment of a deed of trust.

We have considered the parties' remaining arguments and conclude they are without merit. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Elizabeth Goff Gonzalez, District Court Judge
Larry J. Cohen, Settlement Judge
David J. Merrill, P.C.
Early Sullivan Wright Gizer & McRae, LLP
Gerrard Cox & Larsen
Meier & Fine, LLC
Eighth District Court Clerk