140 Nev., Advance Opinion 1

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEJANDRO LOPEZ AGUILAR, AN
INDIVIDUAL,
Appellant,
vs.
LUCKY CAB CO., A NEVADA
CORPORATION; AND ADUGNA
DEMESASH, AN INDIVIDUAL,
Respondents.

No. 84647

**FILED**

JAN 04 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

ALEJANDRO LOPEZ AGUILAR, AN
INDIVIDUAL,
Appellant,
vs.
LUCKY CAB CO., A NEVADA
CORPORATION; AND ADUGNA
DEMESASH, AN INDIVIDUAL,
Respondents.

No. 85538

Consolidated appeals from district court orders dismissing a complaint with prejudice and denying costs and interest. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Reversed and remanded with instructions.*

J. Cogburn Law and Jamie S. Cogburn and Joseph J. Troiano, Henderson, for Appellant.

24-00305

Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno; Emerson Law Group and Phillip R. Emerson, Henderson,
for Respondents.

_____

BEFORE THE SUPREME COURT, CADISH, C.J., and PICKERING and BELL, JJ.

## OPINION

By the Court, CADISH, C.J.:

Litigation concerning offers of judgment often occurs after an offeree rejects an offer and the offeror seeks to impose NRCP 68(g) penalties. That is not the case here. In this case, we instead clarify the amount an offeror must pay in exchange for dismissal under NRCP 68(d) when they convey an offer that is exclusive of allowances such as costs, expenses, interest, and attorney fees. Because such an exclusive offer in effect promises to pay any such recoverable amounts separately from the offer amount, we hold that the offeror cannot obtain such dismissal of the complaint unless the offeror pays both the offer amount and any additional allowances.

### FACTS AND PROCEDURAL HISTORY

These consolidated appeals arise from a personal injury claim against respondents Lucky Cab Co. and Adugna Demesash (collectively, Lucky Cab). Before trial, Lucky Cab conveyed an NRCP 68 offer of judgment to appellant Alejandro Lopez Aguilar. In part, the offer of judgment stated that Lucky Cab "offers to allow [Aguilar] to take judgment against [Lucky Cab] in the total lump sum amount of ONE HUNDRED

FIFTY THOUSAND ONE AND 00/100 DOLLARS ($150,001.00) which amount excludes prejudgment interest, attorney's fees and all costs incurred to date." Aguilar accepted the offer. The following week, Lucky Cab sent to Aguilar both a check for $150,001 and a stipulation and order for dismissal. Aguilar neither processed the check nor consented to the stipulated dismissal, arguing that Lucky Cab did not pay the full amount of the offer to obtain dismissal because it had not yet paid any costs or prejudgment interest. Lucky Cab filed a motion to dismiss Aguilar's complaint and sought to shorten time to obtain dismissal within NRCP 68(d)(2)'s 21-day window.

The district court resolved the motion in two stages. The district court initially granted dismissal with prejudice, reasoning that Lucky Cab was entitled to dismissal once it tendered payment within NRCP 68(d)(2)'s dismissal window. It reserved the costs and interest issue for a later determination. Aguilar filed a motion for costs and interest, which the district court denied. In the district court's view, the dismissal of Aguilar's complaint foreclosed a separate award in addition to the $150,001 because it meant Aguilar was not a prevailing party.

On appeal, the crux of Aguilar's argument is that Lucky Cab effectively promised both $150,001 *and* a separate award of costs and interest because the amount of Lucky Cab's offer was exclusive of such costs and interest. Lucky Cab answers that the offer only promised $150,001, such that it should be entitled to dismissal once it paid that amount. In support, it points out that NRCP 68(d)(2) does not discuss cost awards upon dismissal like NRCP 68(d)(3) does upon entry of judgment. It adds that any "exclusive" versus "inclusive" language is not relevant to NRCP 68(d)'s dismissal procedure and matters only at the penalty stage, where the court

must compare a rejected offer of judgment to the judgment ultimately obtained.

*Standard of review*

We typically review cost awards for an abuse of discretion. *U.S. Design & Constr. Corp. v. Int'l Bhd. of Elec. Workers*, 118 Nev. 458, 462, 50 P.3d 170, 173 (2002). We review interest awards for error. *Schiff v. Winchell*, 126 Nev. 327, 329, 237 P.3d 99, 100 (2010). Whether NRCP 68 authorizes a cost or interest award raises a legal question, however, subject to de novo review. *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006); *Pub. Emps.' Ret. Sys. of Nev. v. Gitter*, 133 Nev. 126, 132, 393 P.3d 673, 680 (2017). Our review of the language of an offer of judgment conveyed under NRCP 68 is also a legal question requiring de novo review. *See State Drywall, Inc. v. Rhodes Design & Dev.*, 122 Nev. 111, 119, 127 P.3d 1082, 1087 (2006) (applying de novo review to the language of an offer of judgment).

## DISCUSSION

Interpretation of Nevada's Rules of Civil Procedure begins with the text. *See Vanguard Piping Sys., Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 602, 607, 309 P.3d 1017, 1020 (2013). We will adhere to the text alone if it reveals a "clear and unambiguous" meaning. *Id.* If the text is instead ambiguous, we will "resort to the rules of construction." *Id.* Our goal is to assess "what reason and public policy would indicate the [drafters] intended" and construe the text harmoniously. *Barbara Ann Hollier Tr. v. Shack*, 131 Nev. 582, 588-89, 356 P.3d 1085, 1089 (2015) (internal quotation marks omitted); *Canarelli v. Eighth Judicial Dist. Court*, 127 Nev. 808, 814, 265 P.3d 673, 677 (2011).

Under NRCP 68(a), "any party may serve an offer in writing to allow judgment to be taken in accordance with its terms and conditions."[1] While an offer of judgment may specify otherwise, the default offer amount made under this rule includes costs, expenses, interest, and recoverable attorney fees. NRCP 68(a). In the event an offer is accepted, NRCP 68(d)(2)-(3) gives an offeror two options: dismissal or entry of a judgment. NRCP 68(d)(2) provides that, within 21 days, the offeror "may pay the amount of the offer and obtain dismissal of the claims, rather than entry of a judgment." But "[i]f the claims are not dismissed," NRCP 68(d)(3) provides that "the clerk must enter judgment" in accordance with the accepted offer and "[t]he court must allow costs in accordance with NRS 18.110 unless the terms of the offer preclude a separate award of costs."

The "amount of the offer" an offeror must pay to obtain NRCP 68(d)(2) dismissal turns on how the offeror drafts the offer. As noted, offers of judgment typically preclude a separate award of allowances, such as costs, expenses, interest, and attorney fees. NRCP 68(a); *see also Fleischer v. August*, 103 Nev. 242, 246, 737 P.2d 518, 521 (1987) (observing that "defense counsel" clarified "that the $50,000.00 offer was for a lump sum, which included costs"). Alternatively, offers of judgment can be drafted to exclude such allowances, thus allowing for a separate award of these allowances. *See Albios*, 122 Nev. at 415, 132 P.3d at 1026 (discussing an offer of judgment "for $100,000, exclusive of attorney fees and costs"). Offers that preclude a separate award of such allowances are said to be "inclusive" of those allowances; offers that allow a separate award of such allowances

---

[1]While this opinion generally presumes that a defendant is the offeror and a plaintiff is the offeree, consistent with the parties' positions below, we recognize that either party may make an offer of judgment.

are said to be "exclusive" of those allowances. *See Albios*, 122 Nev. at 426, 132 P.3d at 1033 (explaining that an offer excluding "attorney fees and costs . . . was insufficient to alert the [offerees] to the fact that prejudgment interest would also be excluded" and adding prejudgment interest into the NRCP 68(g) comparison as a result).

To that end, the "amount of the offer" that is inclusive of all allowances is exactly that number written in the offer of judgment. For example, an offeree who accepts an offer of judgment for $50,000 inclusive of all costs, expenses, interest, and allowable attorney fees can expect only $50,000—nothing more and nothing less. *See Fleischer*, 103 Nev. at 245-46, 737 P.2d at 521 (explaining that "it was improper . . . to have entered judgment in excess of" $50,000 where the offer was "a lump sum of $50,000.00, an amount which included costs" (emphasis omitted)). The inclusive language tells the offeree that the $50,000 allocates, i.e., *includes*, a valuation for both their claims and their costs, expenses, interest, and allowable attorney fees.

In contrast, the "amount of the offer" that is exclusive of all allowances is not necessarily simply that number in the offer of judgment. The exclusive language tells the offeree that the offer does not allocate, i.e., *excludes*, a valuation for their costs, expenses, interest, and allowable attorney fees. It does not say that such allowances, to which judgment holders are typically entitled as of course, *see, e.g.,* NRS 17.130; NRS 18.020, are waived. Thus, if that $50,000 example offer is written exclusive of all costs, expenses, interest, and allowable attorney fees, the offeree who accepts it can expect more than $50,000 so long as they establish that those additional allowances are recoverable. *See Albios*, 122 Nev. at 426, 132 P.3d at 1033; *see also Schwickert, Inc. v. Winnebago Seniors, Ltd.*, 680 N.W.2d

Supreme Court
of
Nevada

(O) 1947A

79, 88 (Minn. 2004) ("The failure of the Rule 68 offer to expressly include prejudgment interest in the lump sum offered means that prejudgment interest is separately recoverable against [the offerors] as a cost and disbursement in addition to the lump sum."). "Recoverable," in this sense, refers to those allowances that the offeree would be entitled to if a judgment were entered based on that offer.

Of course, we recognize that a party whose case gets dismissed typically would not be entitled to costs, expenses, interest, or attorney fees. *See, e.g., MB Am., Inc. v. Alaska Pac. Leasing Co.*, 132 Nev. 78, 89, 367 P.3d 1286, 1292-93 (2016); *145 E. Harmon II Tr. v. Residences at MGM Grand Tower A Owners' Ass'n*, 136 Nev. 115, 120, 460 P.3d 455, 459 (2020). And as Lucky Cab points out, we recognize that most of those allowances are reserved for prevailing parties. *See* NRS 18.010; NRS 18.020; *Alaska Pac. Leasing*, 132 Nev. at 89, 367 P.3d at 1292-93; *see also Albios*, 122 Nev. at 428, 132 P.3d at 1034-35 (reviewing prejudgment interest awarded to the prevailing party under NRS 17.130). But NRCP 68 is a unique rule that alters typical litigation procedures, allowing dismissal of the claims upon acceptance of an offer of judgment in certain circumstances rather than requiring entry of a judgment against the offeror. *See Quinlan v. Camden USA, Inc.*, 126 Nev. 311, 314, 236 P.3d 613, 615 (2010) (noting that "NRCP 68 offer[s] a tool not available at common law"). In this unique context, acceptance of an offer effectively renders the offeree a prevailing party. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 363 (1981) (Powell, J., concurring) ("A Rule 68 offer of judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party."). As a prevailing party, the offeree is entitled to recoverable allowances, whether those allowances are included or excluded from the

SUPREME COURT
OF
NEVADA

(O) 1947A

7

offer and regardless of whether the offeror pays and obtains dismissal or instead allows entry of a judgment. Therefore, when an offeree accepts an offer that excludes allowances, the offeror must separately pay the amount of pre-offer costs, expenses, and interest that the offeree would otherwise be entitled to as a prevailing party. It must also pay attorney fees, so long as law or contract supplies a basis for those fees.

Accordingly, we reject Lucky Cab's attempts to render an offer's exclusive or inclusive language a nullity when an offeror pays the principal amount of its offer within 21 days of acceptance. We will not endorse a reading of NRCP 68—a rule largely designed to promote settlement and compromise—legitimizing this loophole. *See Beattie v. Thomas*, 99 Nev. 579, 588, 668 P.2d 268, 274 (1983) (noting that "the purpose of NRCP 68 is to encourage settlement"); *see also Alaska Pac. Leasing*, 132 Nev. at 89, 367 P.3d at 1292. The rule is clearly intended to ultimately provide a judgment, including the allowances normally attendant thereto, to an accepting offeree and thereby end the case. Reading subsection (d) as adjusting the amount due the offeree depending on whether the offeror ultimately elects to obtain a dismissal rather than entry of judgment would ignore the rule's purpose and intent and invite discord with the rule's other subsections. Indeed, NRCP 68(g) recognizes that an offer may do one of two things: preclude a separate award of allowances (an inclusive offer) or provide that such allowances will be added by the court (an exclusive offer). Not only would Lucky Cab's preferred interpretation lead to inconsistent results under the same offer's language depending on the stage of litigation, but it would also allow an offeror "to have its cake and eat it too." *Cf. Rateree v. Rockett*, 668 F. Supp. 1155, 1159 (N.D. Ill. 1987) (rejecting an interpretation of an offer of judgment that would allow the offeror to unfairly argue that

the plain language excluded fees and costs had the offeree rejected it but included fees and costs once the offeree accepted it). We decline to read the rule in such a dissonant manner. *See Canarelli*, 127 Nev. at 814, 265 P.3d at 677.

Applying these principles here, Lucky Cab drafted an exclusive offer when it conveyed an offer of judgment for $150,001, as it specified that that "amount excludes prejudgment interest, attorney's fees and all costs incurred to date." By this explicit language, the $150,001 amount excluded and made no provision for prejudgment interest, attorney fees, and costs. Aguilar was therefore permitted to accept the $150,001 and expect an additional payment of pre-offer costs and interest that would be recoverable had a judgment been entered.[2] Lucky Cab, on the other hand, was not entitled to NRCP 68(d)'s dismissal until the parties agreed to or the district court resolved Aguilar's request for those allowances.

Critically, the use of "excludes" in this offer indicated that Lucky Cab was willing to pay $150,001 for Aguilar's claims as well as a separate amount for costs, interest, and attorney fees to which he may be entitled. If Lucky Cab intended to pay no more than $150,001 in total for both the claims and any costs, interest, and attorney fees, it should have drafted an offer that included these allowances in the amount of the offer.[3]

---

[2]Aguilar points out that the offer also excluded attorney fees. Yet, Aguilar neither argued for attorney fees in his motion for costs and interest below nor offered a legal basis for such attorney fees here, and thus we need not address the matter. *See Thomas v. City of North Las Vegas*, 122 Nev. 82, 93-94, 127 P.3d 1057, 1065-66 (2006).

[3]The offer also stated that it was offering a "total lump sum" of $150,001, and the phrase "lump sum" can reference an inclusive offer. *See Fleischer*, 103 Nev. at 243, 245, 737 P.2d at 519, 521. However, Lucky Cab

SUPREME COURT
OF
NEVADA

(O) 1947A

9

*See Collins v. Minn. Sch. of Bus., Inc.*, 655 N.W.2d 320, 330 (Minn. 2003) (stating that if the offeror "did not intend to be liable for attorney fees, it should have drafted the offer with greater precision"). In so holding, we remind offerors that the language they choose to use in their offer of judgment is critical to both NRCP 68(g)'s penalty stage and NRCP 68(d)'s dismissal stage.

## CONCLUSION

An offer of judgment that explicitly excludes costs, expenses, interest, and attorney fees promises two sums of money if accepted: (1) the principal amount for the claim(s), which is specifically identified in the offer of judgment; and (2) a separate amount for recoverable costs, expenses, interest, and attorney fees. Under NRCP 68(d)(2), an offeror who drafts one of these exclusive offers cannot obtain dismissal unless the offer is accepted and the offeror pays both the principal offer and, if the parties agree or the offeree establishes that they would otherwise be legally recoverable, an additional allowance for costs, expenses, interest, and attorney fees. Here, however, the district court dismissed the case without Lucky Cab paying

---

does not present cogent argument that the offer was too ambiguous to be enforceable as written, and we therefore need not consider that issue. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006). More importantly, notwithstanding this language in the offer, its arguments in district court and at oral argument made clear that it intended to convey an exclusive offer to get the benefits in the comparison with the final judgment under NRCP 68(g) if the offer was rejected. NRCP 68(g) ("If the offer provided that costs, expenses, interest, and if attorney fees are permitted by law or contract, attorney fees, would be added by the court, the court must compare the amount of the offer with the principal amount of the judgment, without inclusion of costs, expenses, interest, and if attorney fees are permitted by law or contract, attorney fees.").

the pre-offer costs and interest that were promised and that Aguilar would otherwise be entitled to as a prevailing party.

We therefore reverse the district court's order dismissing Aguilar's complaint, vacate the order denying costs and interest, and remand for the district court to determine the amount of awardable pre-offer costs and interest and enter an order accordingly establishing the amount Lucky Cab must pay to obtain dismissal.[4]

_____ , C.J.
Cadish

We concur:

_____ , J.
Pickering

_____ , J.
Bell

---

[4]Under the facts of this case, where Lucky Cab did tender the $150,001 in a timely manner and sought judicial clarification so it could obtain dismissal within 21 days of acceptance of the offer rather than having a judgment entered, we deem it appropriate to allow it to obtain dismissal following the district court's costs and interest determination. Insofar as the parties have raised any other arguments not specifically addressed in this opinion, we have considered the same and conclude that they either do not present a basis for relief or need not be reached given the disposition of this appeal.