DESERT FIREPLACES PLUS, INC., a NEVADA CORPORATION, DBA DESERT FIREPLACE & WINDOW COMPANY, AND DBA DESERT SPECIALTIES, PETITIONER, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE NANCY M. SAITTA, DISTRICT JUDGE, RESPONDENTS, AND SUNRISE RIDGE HOMEOWNERS ASSOCIATION, INC., a NEVADA NON-PROFIT CORPORATION; SAXTON INCORPORATED; AND SARATOGA LAND AND DEVELOPMENT, REAL PARTIES IN INTEREST.

No. 41842

September 16, 2004 97 P.3d 607

Lincoln Gustafson & Cercos and Zachary D. Renstrom and Nicholas B. Salerno, Las Vegas, for Petitioner.

Cooksey, Toolen, Gage, Duffy & Woog and Griffith H. Hayes and Amy L. Stein, Las Vegas, for Real Parties in Interest Saxton Inc. and Saratoga Land and Development.

Robert C. Maddox & Associates and Lena M. Louis and Robert C. Maddox, Las Vegas, for Real Party in Interest Sunrise Ridge Homeowners Association, Inc.

Bradley Drendel & Jeanney and Thomas E. Drendel, Reno, for Amicus Curiae Nevada Trial Lawyers Association.

Before BECKER, AGOSTI and GIBBONS, JJ.

## OPINION

*Per Curiam:*

In this original writ proceeding, we address two issues involving two-year statute of limitations under NRS 78.585 for commencing a cause of action against a dissolved corporation for claims arising before the dissolution. First, we consider at what point a third-party's claims against a dissolved corporation in a construction defect case arise for purposes of NRS 78.585. We conclude that the claim of a third-party litigant arises when the litigant discovers or should have discovered the defects.

Second, we address whether the two-year statute of limitations for commencing a cause of action against a dissolved corporation for claims arising before the corporation's dissolution is tolled under NRS 40.695 during mediation when the claims are for construction defects and the dissolved corporation is a third party that was not notified of the construction defect claims within two years after its dissolution. We conclude that a general notice of construction defect claims provided to a general contractor is sufficient to toll the statute of limitations for claims against a third-party subcontractor even when the subcontractor is not involved in the initial proceedings against the general contractor.

### FACTS

Real parties in interest Saxton Incorporated and Saratoga Land and Development (collectively Saxton) are general contractors who built the Sunrise Ridge Condominium project. Saxton subcontracted with petitioner Desert Fireplaces Plus, Inc., to manufacture, deliver, and install windows on all 154 condominium units in the Sunrise project. Saxton and its various subcontractors com-

pleted the Sunrise project between March and July 1998. On October 29, 1998, real party in interest Sunrise Ridge Homeowners Association, Inc., notified Saxton of its construction defect claims. The notice listed several defects and specifically included window defects attributable to Desert Fireplaces. On December 31, 1998, Desert Fireplaces dissolved its corporate charter and sold its assets and liabilities.

On August 1, 2001, Sunrise filed suit against Saxton for construction defects pursuant to NRS 40.600 to 40.695. On August 30, 2001, Saxton filed a third-party complaint against Desert Fireplaces and other subcontractors. Desert Fireplaces moved the district court to dismiss the third-party complaint under NRCP 12(b)(5), claiming that Saxton filed the complaint after the two-year time limit specified in NRS 78.585.

The district court conducted a hearing on the motion to dismiss and denied the motion. Shortly thereafter, the district court held a rehearing on Desert Fireplaces' motion to dismiss. Saxton conceded that Desert Fireplaces had been dissolved on December 31, 1998. Nevertheless, Saxton argued that because insurance was still available, it should be permitted to pursue its claims and recover against the insurance policy. The district court agreed and denied the motion to dismiss.

Desert Fireplaces then filed this petition for a writ of mandamus and stay of trial pending the decision.[1]

## DISCUSSION

Desert Fireplaces requests a writ of mandamus compelling the district court to dismiss the lawsuit against it. We have original jurisdiction to issue writs of mandamus.[2] "A writ of mandamus may issue to compel the performance of an act which the law requires"[3] and "shall be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law."[4] We will not issue a writ of mandamus to control a district court's discretionary action unless the court manifestly abused its discretion.[5] A petition for extraordinary relief is addressed to this court's sound discretion. Ordinarily, this court will not exercise that dis-

---

[1]Saxton and Saratoga subsequently assigned their claims to Sunrise as part of a settlement agreement. On June 24, 2004, we approved a stipulation between Sunrise and Saxton and dismissed the petition as to Saxton.

[2]Nev. Const. art. 6, § 4.

[3]*Civil Serv. Comm'n v. Dist. Ct.*, 118 Nev. 186, 188, 42 P.3d 268, 270 (2002).

[4]NRS 34.170.

[5]*Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

cretion to even consider writ petitions that challenge orders denying motions to dismiss. An exception exists, however, when "an important issue of law requires clarification."[6] Because this case involves an important matter of first impression regarding when a statute of limitations applicable to a construction defect claim is tolled as to claims against absent third parties, we exercise our discretion to consider this petition.

The real parties in interest argue that we should construe NRS 78.585 to allow construction defect litigation to commence after the two-year time limit. We conclude that the limitations period set forth in NRS 78.585 was tolled for the claims against Desert Fireplaces on October 29, 1998, when Sunrise gave Saxton notice of its construction defect claims pursuant to NRS 40.695.

NRS 40.695 tolls any limitation periods that apply to a construction defect claim governed by NRS 40.600 to 40.695 for a specified period of time and provides that the tolling provision applies to third parties:

> 1. All statutes of limitation or repose applicable to a claim based on a constructional defect governed by NRS 40.600 to 40.695, inclusive, are tolled from the time notice of the claim is given, until 30 days after mediation is concluded or waived in writing pursuant to NRS 40.680.
> 2. *Tolling under this section applies to a third party regardless of whether the party is required to appear in the proceeding.*[7]

(Emphasis added.) The statute does not mention a dissolved corporation; however, it specifically provides that all statutes of limitation and repose for construction defect claims are tolled "from the time notice of the claim is given," even to third parties who are absent from the proceedings.[8] Additionally, in 1998, NRS 40.690 prohibited a contractor from bringing a construction defect claim against a third party during the time period any construction defect claim was in mediation.

NRS 78.585 sets forth the statutory limitations for commencing a cause of action against a dissolved corporation for claims arising before its dissolution. It provides that a lawsuit against a dissolved corporation for claims that were discovered or should have been discovered before the corporation's dissolution must be commenced

---

[6]*Smith v. District Court,* 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997).

[7]1997 Nev. Stat., ch. 559, § 21, at 2723-24. The statute was amended significantly in 1999, but amendments in 2003 largely returned it to its 1997 language. 2003 Nev. Stat., ch. 362, § 32, at 2049-50.

[8]NRS 40.695.

within two years after its date of dissolution.[9] Although NRS 78.585 is not a construction defect statute of limitations, it applies because Desert Fireplaces dissolved its corporate charter shortly after it completed construction on the Sunrise project.

We must address two issues. First, we must determine whether the construction defect claims against Desert Fireplaces were discovered before its dissolution. If so, then second, we must determine whether the two-year limitations period was tolled under NRS 40.695.

Saxton discovered the construction defects before Desert Fireplaces' dissolution. This is evidenced by Sunrise giving Saxton notice of its construction defect claims two months before Desert Fireplaces' dissolution. Since the notice listed defects in the windows installed by Desert Fireplaces, the notice demonstrates that Saxton discovered the defects before Desert Fireplaces' dissolution. We therefore conclude that Saxton's cause of action arose before Desert Fireplaces' dissolution.

We now turn to whether the two-year limitations period for dissolved corporations was tolled. Under NRS 40.695, limitation periods are tolled once the plaintiff gives notice to the general contractor of the construction defect claim. NRS 40.695(2) provides that the tolling provision applies to a third party. The Legislature has not specified what type of notice is required under NRS 40.695. In our view, NRS 40.695 requires a general notice of construction defect claims as outlined in NRS 40.645 (1997). If the Legislature desired that a more specific form of notice be given to absent third parties, it would have included such a requirement in the statute. Since the Legislature did not require a specific form of notice to third parties, a plaintiff's general notice of construction defects tolls the limitation periods with respect to any claims against third parties. Therefore, when a party provides notice of construction defect claims to the general contractors, the limitation periods are tolled for claims against any third-party subcontractors, even if they are absent from the proceedings.

Here, Sunrise gave Saxton notice of its construction defect claims on October 29, 1998. Desert Fireplaces, as a subcontractor, was an absent third party to the initial proceedings between Sunrise and Saxton. Desert Fireplaces was not dissolved until December 31, 1998, approximately two months after Sunrise gave Saxton

---

[9]NRS 78.585; *Beazer Homes Nevada, Inc. v. Dist. Ct.*, 120 Nev. 575, 586-87, 97 P.3d 1132, 1139 (2004).

notice of its construction defect claims. The two-year limitations period set forth in NRS 78.585 was tolled under NRS 40.695 as to any claims against Desert Fireplaces. Desert Fireplaces apparently was not aware of the potential lawsuit until Saxton filed the third-party complaint against it. But neither NRS 40.645 (1997) nor NRS 40.695 (1997) requires actual notice to third parties.

Shortly after Sunrise gave Saxton notice of its construction defect claims in 1998, the parties commenced mediation. On July 11, 2001, Sunrise and Saxton stipulated to terminate mediation. On August 1, 2001, Sunrise filed its complaint against Saxton. On August 30, 2001, Saxton filed its third-party complaint against Desert Fireplaces.

Less than 60 days lapsed from the time Sunrise and Saxton terminated mediation to the time Saxton filed suit against Desert Fireplaces. NRS 40.690 (1997) prohibited Saxton from bringing suit against Desert Fireplaces until mediation failed, and NRS 40.695 tolled the two-year limitations period in NRS 78.585 until 30 days after mediation concluded. Once mediation terminated and the two-year limitations period began to run again, Saxton promptly filed its third-party complaint against Desert Fireplaces. Therefore, Saxton commenced its third-party action against Desert Fireplaces within the time frame required by NRS 78.585.

## CONCLUSION

The two-year limitations period for commencing a cause of action against Desert Fireplaces for construction defect claims arising before its dissolution was tolled under NRS 40.695 upon Sunrise's notice to the general contractor of its construction defect claims. Once the parties' mediation failed and the limitations period began to run, Saxton filed its third-party complaint against Desert Fireplaces within the statutory time limit. The district court therefore did not err in denying the motion to dismiss. Accordingly, we deny the petition.[10]

---

[10]We have reviewed Desert Fireplaces' other arguments and conclude that they are without merit.