LAWRENCE CANARELLI, Petitioner, v. THE EIGHTH JU-
DICIAL DISTRICT COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK; AND THE HON-
ORABLE SUSAN JOHNSON, District Judge, Respon-
dents, and AMERICAN WEST HOMES, INC.; MICHAEL
A. and SPRING H. STACY; ANDREA and MARK BAR-
BUTI; MARJORIE I. and MICHAEL J. BRYANT; ARPINA
and ROLAND DEVIO; CINDY and ROBERT DODGE;
ANDRE FARKAS; EMERY J. HEFLEY; ERIN OXLEY-
HUERTA; KIMBERLY R. and RANDY D. JOHNSON;
ROBERT MARSHALL; LEO J. and THERESA G. MIL-
LETTE; IONA and RICHARD L. QUISOL; HEDY and
WARD S. REIMER; MARGARET and VERDELL SIN-
GLETON; REBECCA and WILLIAM WRIGHT; DEMLER
A. and VIRGINIA ZAMORA; PATRICIA J. ALDERS;
JAMES BARTON; LARRY J. and DARLENE L. CROW;
ROSEMARY DRIGGERS; DREW A. and LAUREL L.
ERICKSON; KEVIN and CAROLYN FRAZIER; SONYA
M. HENSON-BROWN; MICHAEL and ROBYN KAC-
MAN; ROBERT and NORMA JANDLE; TERRY and
STACY MOLL; CAROL A. QUILES; LORI RIVES;
FRANK E. and MARGARET M. RUSSO; MARK and
JOANNE SCHWARTZ; RICKY GOWDY; JAMES W. and
INA L. SKOGLUND; WESLEY C. DAVIS; STEVE and
JENNIFER VERWEYST; JOHNNY and ANNA BIL-
LINGS; JAMES A. and DARLENE J. MASON; AN-
GELITO and JOY D. PASION; THOMAS F. JANNAZZO;
DORA and MICHAEL D. COLFORD, SR.; GREGORY
ARAM; ELIZABETH ATKINS; JUDITH ARNOLD;
STACEY AUDISS; NORMA and BIENVENIDO BATAC;
CARMEN L. BRUCE; SALVATORE and MARIBEL CA-
PANO; SUSAN J. and JOHN CATONE; MARK P. CRUZ;
KEVIN DALTON; ESTER DELROSARIO; JOSE DIAZ;
OSCAR and JACQUELINE DIAZ; ROBERT K. and
SHEILA E. DUNCAN; MIGUEL ELIAS; MATTHEW
ESCHKER; AMOS FOSTER; ANALIA and JAMES GIB-
SON; DIANE and JEROME GIULIANO; ESTER M. and
JULIUS C. GOMEZ; ELIZABETH and FRANCISCO
GONZALES; KENNETH W. GUSTAFSON; EMILY L.
HALSEY; DENNIS HEIM; BONNI and DANIEL K.
ITAKURA; KAREN and AUGUSTINE A. JIMENEZ;
RICHARD and ROBERTA KENNETT; RACHELLE and
SCOTT LARSEN; CHRIS and DONNA LEE; KING
KEUNG LEE; WAI HO LO; DEBORAH K. and PAUL E.
LOFGREEN; DENISE McCUTCHEN; GUY R. and
PHYLLIS MEDLIN; MARIA and MICHAEL G.
MITCHELL; ALPHONSO and WIPHA MONTERIO;

FRANKLYN AND MELANIE MUELLER; BRENDA R. AND RODRIGO A. REANO; BRIAN AND TRACI ANN REYES; GORDON S. ROMBOUGH; DEBRA RUANO; JEANETTE A. AND RICHARD D. SACKOL; GLORIA C. AND JOSEPH SALAZAR, JR.; MICHAEL E. SANFORD; WILLIAM SMITH; NORMA AND VICTOR SORIANO; OSCAR TEJADA; ALEXANDER AND LUCIA TORNO; ALPHONSO AND MARIA VANCHERI; FRANK J. WASHKO, JR.; AND GUADALUPE WEATHERLY, REAL PARTIES IN INTEREST.

No. 57032

November 10, 2011                         265 P.3d 673

*Greenberg Traurig, LLP*, and *Mark E. Ferrario* and *Tami D. Cowden*, Las Vegas, for Petitioner.

*Lee, Hernandez, Brooks, Garofalo & Blake, APC*, and *David S. Lee*, Las Vegas, for Real Party in Interest American West Homes, Inc.

*Shinnick, Ryan & Ransavage, P.C.*, and *Duane E. Shinnick, Eric Ransavage*, and *Bradley S. Rosenberg*, Las Vegas, for Real Parties in Interest.

Before the Court EN BANC.

# OPINION

By the Court, HARDESTY, J.:

In this petition for extraordinary writ relief, we must determine whether the district court may appoint an unwilling director trustee of a dissolved corporation for the purpose of defending actions against the corporation that arose post-dissolution and after completion of the winding-up process. To resolve this issue, we must construe Nevada's corporate survival statutes and, in particular, NRS 78.600, which allows the district court to "continue the directors trustees as provided in NRS 78.590 upon dissolution." We conclude that NRS 78.600 does not confer authority upon the district court to appoint an unwilling director trustee of a dissolved

corporation because, once the director trustee has completed winding up the affairs of the corporation as provided for in NRS 78.590, his or her power to act on behalf of the corporation terminates. Thus, writ relief is appropriate here.

## FACTS

Real party in interest American West Homes, Inc., was formed as a Nevada corporation in 1990. Prior to 2004, American West constructed homes in two residential developments in Las Vegas. On January 29, 2004, the corporation filed a certificate of dissolution with the Secretary of State pursuant to NRS 78.580 and dissolved. After the dissolution, certain American West directors, including petitioner Lawrence Canarelli, remained as trustees pursuant to NRS 78.585 and participated in winding up corporate affairs. They completed the winding-up process in March 2008, when all assets were distributed, and Canarelli officially resigned as a director trustee on June 24, 2009.

Meanwhile, on November 18, 2008, over four years after dissolution and several months after wind up, a group of homeowners filed a construction defect complaint against American West. On July 1, 2009, shortly after Canarelli resigned, a second group of homeowners filed a separate construction defect complaint against American West.[1] Both complaints were served on Canarelli, and after being served, he filed motions to quash service and dismiss the complaints, arguing that his duties as a trustee concluded when the wind-up process was completed and American West's debts were extinguished and its property was distributed to the shareholders. The district court denied the motions to quash service and dismiss the complaints in both cases, finding that service upon Canarelli was effective pursuant to NRS 78.750(2)[2] because he had been an officer and director of American West.[3]

The plaintiffs in each case then filed motions to appoint Canarelli to continue as a trustee pursuant to NRS 78.600. They argued that the statutory dissolution process requires director trustees to continue service for the purpose of defending claims against the former corporation, and, pursuant to *Beazer Homes Nevada, Inc. v. District Court*, 120 Nev. 575, 97 P.3d 1132 (2004), post-dissolution claims may be filed indefinitely, limited

---

[1]The remaining real parties in interest, excluding American West, comprise the two groups of homeowners.

[2]Pursuant to NRS 78.750(2), service of process on a dissolved corporation may be made on either the registered agent of the corporation or on "[e]ach officer and director of the corporation as named in the list last filed with the Secretary of State before the dissolution or expiration of the corporation or the forfeiture of its charter."

[3]In this writ petition, Canarelli does not challenge the district court's denial of his motions to quash service.

only by the applicable statutes of limitations and repose. Further-more, they argued that Canarelli should continue as trustee because he profited from his position as a director of American West. In his opposition, Canarelli argued that the corporate dissolution statutes do not permit the district court to force him to act as trustee and that requiring him to serve as trustee would be a form of inden-tured servitude. The district court reluctantly granted the motions to appoint Canarelli as trustee, finding that it was constrained by *Beazer*'s holding that allows post-dissolution claims to be filed in-definitely. Canarelli then filed this writ petition seeking this court's intervention by way of extraordinary relief.

## DISCUSSION

Canarelli petitions this court for either a writ of certiorari[4] or a writ of mandamus compelling the district court to vacate its order appointing him as trustee in the underlying matters. " 'A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion.' " *Williams v. Dist. Ct.*, 127 Nev. 518, 524, 262 P.3d 360, 364 (2011) (quoting *International Game Tech. v. Dist. Ct.*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008)); *see also* NRS 34.160. A writ of mandamus will not issue if the " 'petitioner has a plain, speedy, and adequate remedy in the ordinary course of law.' " *Williams*, 127 Nev. at 524, 262 P.3d at 364 (quoting *Mineral County v. State, Dep't of Conserv.*, 117 Nev. 235, 243, 20 P.3d 800, 805 (2001)); *see* NRS 34.170. Because Canarelli is not a party to the construction defect actions below, he cannot appeal the final judgment and he has no other adequate remedy at law. *See Walton v. District Court*, 94 Nev. 690, 693, 586 P.2d 309, 310 (1978) (the opportunity to appeal a final judgment typically pro-vides an adequate legal remedy). Therefore, we exercise our dis-cretion to consider Canarelli's petition for a writ of mandamus. *See Mineral County*, 117 Nev. at 243, 20 P.3d at 805 (holding that a writ may issue "where an important issue of law needs clarifica-tion" (internal quotation omitted)).

In his writ petition, Canarelli makes several arguments in sup-port of his position that the district court cannot force him to serve

---

[4]"A writ of certiorari is appropriate to remedy jurisdictional excesses com-mitted by an inferior tribunal, board, or officer, exercising judicial func-tions." *Las Vegas Police Prot. Ass'n v. Dist. Ct.*, 122 Nev. 230, 241, 130 P.3d 182, 190 (2006); NRS 34.020(2). Because the district court had jurisdiction to consider the motions filed in the underlying actions and Canarelli is not challenging the denial of the motions to quash service, we determine that a writ of certiorari is not the appropriate mechanism in this matter.

as a director trustee for purposes of defending the underlying construction defect actions on behalf of American West. He primarily argues that: (1) forcing him to act as director trustee constitutes indentured servitude in violation of the Thirteenth Amendment to the United States Constitution; (2) this court erred in *Beazer Homes Nevada, Inc. v. District Court*, 120 Nev. 575, 97 P.3d 1132 (2004), by concluding that post-dissolution claims are limited only by the statutes of limitation or repose of the underlying claim; and (3) the term "continue" in NRS 78.600 does not allow the district court to appoint a director trustee who previously resigned from that post several years after the corporation dissolved. In considering Canarelli's arguments, however, we must examine NRS 78.585, NRS 78.590, and NRS 78.600 in the context of Nevada's overall corporate survival scheme and the statutory obligations of director trustees upon dissolution. In Nevada, corporate survival and director trustees' post-dissolution duties are two separate concepts.

*The district court cannot require Canarelli to continue as director trustee*

In granting the motions to appoint Canarelli to continue as director trustee of American West, the district court noted that it had to harmonize the applicable statutes with this court's holding in *Beazer*. Canarelli argues that the statutes do not give the district court discretion to force him to "continue" as director trustee after he resigned from that post. We review the "district court's conclusions of law, including statutory interpretations, de novo." *Borger v. Dist. Ct.*, 120 Nev. 1021, 1026, 102 P.3d 600, 604 (2004).

To resolve this writ petition, we examine NRS 78.585, NRS 78.590, and NRS 78.600 to determine whether a district court may appoint an unwilling director trustee of a dissolved corporation to continue as a director trustee for the purpose of defending actions against the corporation that arose post-dissolution and after the completion of the winding-up process.[5] NRS 78.585 governs the "[c]ontinuation of corporation[s] after dissolution," NRS 78.590 delineates the powers of director trustees upon dissolution, and NRS 78.600 provides for the continuation of director trustees or the appointment of a receiver to handle corporate affairs after dissolution. Our analysis requires that we look to the plain meaning of these statutes, *J.E. Dunn Nw. v. Corus Constr. Venture*, 127

---

[5]A claim arises for NRS 78.585 purposes when it is discovered or should have been discovered. *See Desert Fireplaces Plus, Inc. v. Dist. Ct.*, 120 Nev. 632, 636-37, 97 P.3d 607, 609 (2004).

Nev. 72, 79, 249 P.3d 501, 505 (2011), and we construe the statutes to preserve harmony among them. *Nevada Power Co. v. Haggerty*, 115 Nev. 353, 364, 989 P.2d 870, 877 (1999). However, we first examine Nevada's statutory scheme for corporate survival and the statutory powers of director trustees to wind up the affairs of a corporation.

At common law, dissolution terminated the legal life of a corporation. 16A William Meade Fletcher et al., *Fletcher Cyclopedia of the Law of Private Corporations* § 8113, at 216 (perm. ed. rev. vol. 2003); *Beazer*, 120 Nev. at 581, 97 P.3d at 1136. However, every state has adopted statutes that provide for the survival of the corporation for limited purposes. Fletcher et al., *supra*, § 8113, at 220. In Nevada, NRS 78.585 allows the corporation to exist post-dissolution for "prosecuting and defending suits, actions, proceedings and claims of any kind or character [arising before its dissolution] by or against it and of enabling it gradually to settle and close its business, to collect and discharge its obligations, to dispose of and convey its property, and to distribute its assets."[6] That statute also provides that any claims against the corporation arising before dissolution must be "commenced within 2 years after the date of the dissolution." NRS 78.585.

This ongoing corporate existence is distinct from the statutory continuation of directors as trustees for the purpose of winding up corporate affairs. *See Willmschen v. Trinity Lakes Improvement*, 840 N.E.2d 1275, 1280 (Ill. App. Ct. 2005) ("Under the common law, a corporation is a legal entity that exists separate and distinct from its shareholders, officers, and directors."); *Black's Law Dictionary* 340 (6th ed. 1990) ("The corporation is distinct from the individuals who comprise it."). Pursuant to NRS 78.590, the former directors automatically become trustees of the corporation

---

[6]The Legislature amended NRS 78.585 in 2011. That statute now states that

[t]he dissolution of a corporation does not impair any remedy or cause of action available to or against it or its directors, officers or shareholders arising before its dissolution and commenced within 2 years after the date of the dissolution. The corporation continues as a body corporate for the purpose of prosecuting and defending suits, actions, proceedings and claims of any kind or character by or against it and of enabling it gradually to settle and close its business, to collect its assets, to collect and discharge its obligations, to dispose of and convey its property, to distribute its money and other property among the stockholders, after paying or adequately providing for the payment of its liabilities and obligations, and to do every other act to wind up and liquidate its business and affairs, but not for the purpose of continuing the business for which it was established.

2011 Nev. Stat., ch. 455, § 50, at 2791. However, this amendment does not affect our analysis here.

upon dissolution "with full power to wind up the business."[7] *Kelly Broadcasting v. Sovereign Broadcast*, 96 Nev. 188, 190, 606 P.2d 1089, 1091 (1980), *superseded by statute on other grounds as stated in Countrywide Home Loans v. Thitchener*, 124 Nev. 725, 741-43, 192 P.3d 243, 253-55 (2008). Although they are not trustees of a trust in terms of the law of trusts, the director trustees of a dissolved corporation serve the interests of shareholders in settling the corporation's affairs and liquidating its assets. Fletcher et al., *supra*, §§ 8175, 8178, at 352-53, 361-62; *see also United States v. Krueger*, 121 F.2d 842, 844 (3d Cir. 1941) ("Liquidating directors are not trustees in the sense of the law of trusts.").

NRS 78.590 also sets forth the statutory powers the director trustees have in settling the affairs of the corporation, which include "collect[ing] the outstanding debts, sell[ing] and convey[ing] the property, real and personal, and divid[ing] the money and other property among the stockholders, after paying or adequately providing for the payment of its liabilities and obligations." However, Nevada does not specifically define what constitutes winding up, so we look to the common definition of that term. *See Wyman v. State*, 125 Nev. 592, 607, 217 P.3d 572, 583 (2009) (stating that when the Legislature does not specifically define a term, this court " 'presume[s] that the Legislature intended to use words in

---

[7]The Legislature also amended Nevada's corporate dissolution statutes in 2011 for the purpose of "allow[ing] the Nevada corporation to dissolve in an orderly, predictable and structured process." Hearing on S.B. 405 Before the Senate Judiciary Comm., 76th Leg. (Nev., April 5, 2011). Specifically, NRS 78.590(1) now states that director trustees have

full power to prosecute and defend suits, actions, proceedings and claims of any kind or character by or against the corporation and of enabling the corporation gradually to settle and close its business, to collect its assets, to collect and discharge its obligations, to dispose of and convey its property, and to distribute its money and other property among the stockholders, after paying or adequately providing for the payment of its liabilities and obligations, and to do every other act to wind up and liquidate its business and affairs, but not for the purpose of continuing the business for which the corporation was established.

2011 Nev. Stat., ch. 455, § 51, at 2791.

Although we may consider amendments as indicative of legislative intent, this rule of statutory construction does not apply unless the Legislature was clarifying prior language. *Public Employees' Benefits Prog. v. LVMPD*, 124 Nev. 138, 157, 179 P.3d 542, 554-55 (2008) (explaining that "when a statute's 'doubtful interpretation' is made clear through subsequent legislation, we may consider the subsequent legislation persuasive evidence of what the Legislature originally intended" (quoting *Matter of Estate of Thomas,* 116 Nev. 492, 495, 998 P.2d 560, 562 (2000)). Here, the Legislature did not clarify doubtful language in the statute, and we thus will not consider the 2011 amendment to NRS 78.590(1) in this analysis.

their usual and natural meaning.' '' (alteration in original) (quoting *McGrath v. State, Dep't of Pub. Safety*, 123 Nev. 120, 123, 159 P.3d 239, 241 (2007))). *Black's Law Dictionary* defines "winding up" as "[t]he process of settling accounts and liquidating assets in anticipation of a partnership's or a corporation's dissolution." 1738 (9th ed. 2009). Therefore, we determine that winding up is complete upon the final disposition of assets to the shareholders and the payment of debt to creditors. Notably, this definition, as well as the powers bestowed by statute upon director trustees in · NRS 78.590 does not include defending actions against the corporation that arise post-dissolution and after the director trustee has completed the winding-up process for the corporation. Thus, while the corporation continues as a legal entity for the·purpose of post-dissolution claims, we determine that a director trustee's statutory power to act on behalf of the dissolved corporation terminates once the wind-up process is complete.[8] In light of this distinction, we examine the district court's authority to appoint a director trustee to handle post winding-up activities.

Pursuant to NRS 78.600, the district court may continue the service of a director trustee of a dissolved corporation in certain situations.

> When any corporation organized under this chapter shall be dissolved or cease to exist in any manner whatever, the district court, on application of any creditor or stockholder of the corporation, at any time, may either continue the directors trustees as provided in NRS 78.590, or appoint one or more persons to be receivers of and for the corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the corporation, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid . . . .

Thus, this statute allows the district court to continue a director trustee for the purpose of exercising his or her winding-up powers pursuant to NRS 78.590. However, we conclude that NRS 78.600 does not confer authority upon the district court to appoint an unwilling director trustee of a dissolved corporation whose winding-up process has been completed to serve as director trustee of the

---

[8]We note that nothing in the statutes prevents a director trustee of a dissolved corporation from resigning after completion of the wind-up process. Also, the amendment to NRS 78.590(1), which bestows upon director trustees the power to prosecute and defend suits, does not alter the conclusion that a director trustee's power to act on behalf of a dissolved corporation terminates once wind-up is complete.

dissolved corporation in order to defend against a post-dissolution claim that was unknown to the corporation prior to the corporation winding up its affairs. NRS 78.600 clearly provides that the district court "may . . . continue the directors trustees as provided in NRS 78.590," and nothing in NRS 78.590 gives a director trustee the power to defend against post-dissolution claims unknown until after the corporation has completed winding up its affairs.

Here, the district court, upon application of the plaintiffs, appointed Canarelli to continue as director trustee of American West to defend against actions brought by the plaintiffs several years after the corporation had dissolved and after the winding-up process had been completed. Canarelli opposed having to continue as director trustee, arguing that his obligation to American West ended once its debts were extinguished and its property was distributed among the shareholders. Because we conclude that NRS 78.600 does not confer authority to require an unwilling director trustee to continue as director trustee after a dissolved corporation has completed the winding-up process, we conclude that the district court abused its discretion when it appointed Canarelli to continue as director trustee.[9]

Finally, real parties in interest ask us to overturn our holding in *Beazer Homes Nevada, Inc. v. District Court*, 120 Nev. 575, 584, 97 P.3d 1132, 1138 (2004). We decline to do so at this time because the analysis in *Beazer* does not apply to the appointment of a former director trustee to represent the corporation after completion of the wind-up process. Rather, *Beazer* dealt with an entirely different issue—the applicability of an appropriate statute of limitations period for post-dissolution claims.[10] *Id.* at 580, 586-87, 97 P.3d at 1135, 1139. As such, overturning *Beazer* would not resolve the district court's authority to appoint an unwilling director

---

[9]A director trustee may be required to "provid[e] for the payment of [the corporation's] liabilities and obligations" as part of its winding-up activities. NRS 78.590. However, the parties do not argue, and we therefore do not reach, whether the director trustees of American West fulfilled this obligation.

[10]In *Beazer*, this court examined whether NRS 78.585 barred post-dissolution claims even though the statute refers only to pre-dissolution claims. 120 Nev. at 580, 97 P.3d at 1135. Because NRS 78.585 is silent as to unknown post-dissolution claims, this court determined that the statute was ambiguous, and it analyzed the statute's legislative history. *Id.* at 580-81, 97 P.3d at 1135-36. This court determined that, when NRS 78.585 was enacted in 1985, the Legislature based the statute on the Model Business Corporation Act of 1969. *Id.* at 582 & n.24, 97 P.3d at 1137 & n.24. However, as this court recognized, while the Act's 1984 amendments provided a separate limitations period for post-dissolution claims, the 1969 version was silent as to those unknown claims. *Id.* at 583, 97 P.3d at 1137. This court then concluded that the Legislature intended NRS 78.585 to incorporate the 1984 amendments, despite the fact that the Legislature expressly adopted the 1969 version. *Id.* at 583-84, 97 P.3d at 1137-38. Whether *Beazer*'s analysis is flawed, however, is not directly before us in this proceeding.

trustee after a corporation's affairs have been successfully wound up because the statutes setting forth a director trustee's powers and obligations, NRS 78.600 and NRS 78.590, do not require director trustees to defend post-dissolution (post-windup) claims.[11]

Accordingly, we conclude that Canarelli cannot be compelled to act as director trustee for American West, and we grant Canarelli's petition for extraordinary relief and direct the clerk of this court to issue a writ of mandamus instructing the district court to set aside its order appointing Canarelli to continue as a director trustee for the purpose of defending against the underlying claims.[12]

SAITTA, C.J., and DOUGLAS, CHERRY, GIBBONS, PICKERING, and PARRAGUIRRE, JJ., concur.

---

[11]Because of our disposition, we do not reach Canarelli's argument that appointing an unwilling director trustee violates the Thirteenth Amendment to the United States Constitution.

[12]We recognize the practical problems created for plaintiffs who bring post-dissolution claims against corporations who have successfully wound up their affairs. However, solutions to this issue must be formulated in the district court or by the Legislature. Only the Legislature can reconsider the Model Business Corporation Act of 1984, which extends the statute of limitations against corporations for post-dissolution claims in a manner that addresses not only the right to pursue claims but also the party who must be responsible for defending the corporation in post-windup litigation.