# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN LYNCH, AN INDIVIDUAL; AND
KELLIE FUHR, AN INDIVIDUAL,
Appellants,
vs.
YEHIA AWADA, AN INDIVIDUAL;
AND TYCHE ENTERTAINMENT, LLC,
A DISSOLVED NEVADA LIMITED
LIABILITY CORPORATION,
Respondents.

No. 72873

FILED

SEP 2 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from district court orders granting summary judgment and denying leave to amend in a tort action. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellants John Lynch and Kellie Fuhr have been involved in litigation concerning royalties allegedly owed respondent Tyche Entertainment, LLC, for several years, including a 2013 dissolution/receivership action[1] and the underlying 2016 action against

---

[1]In 2013, appellants filed an application for a receivership over and dissolution of Tyche, naming only Tyche as a defendant, and alleging that monthly royalty payments due Tyche under licensing agreements were unaccounted for and that Tyche managers were misappropriating its assets. The district court determined that appellants were members of Tyche and were entitled to dissolution, the appointment of a receiver, and apportionment of their interest.

respondent Yehia Awada, who, before Tyche's dissolution, was a member of Tyche with majority ownership.[2]

The underlying complaint against Awada alleges breach of fiduciary duty, conversion, unjust enrichment, and constructive fraud, and seeks damages related to Awada allegedly diverting the royalty payments into bank accounts in his control. Awada moved for summary judgment, arguing that because the common nucleus of operative facts was the same as those addressed in the dissolution action, nonmutual claim preclusion applied. Tyche was later permitted to intervene in the action as a defendant. Appellants opposed summary judgment and moved to amend their complaint in light of Tyche's intervention. Appellants sought to add claims for breach of contract and unjust enrichment against Tyche and Awada in his capacity as Tyche's trustee, based on allegations that Tyche failed to pay appellants distributions due under an operating agreement and, after dissolution, failed to repay appellants for loans in violation of NRS 86.521(1). The district court granted Awada's motion for summary judgment and denied appellants' motion to amend the complaint, reasoning that the claims could have been raised in the 2013 dissolution action and were therefore barred by nonmutual claim preclusion, and that amending the complaint would be futile because the additional claims would likewise be barred.

*Whether the district court erred by granting summary judgment*

Appellants argue that the district court erred by finding that nonmutual claim preclusion applied because the parties were not opposing parties in any action except a prior bankruptcy case in which appellants

---

[2]As the parties are familiar with the procedural and factual history, our disposition only addresses facts relevant to our holding.

were supplanted by the bankruptcy trustee. Appellants also argue that the district court did not clarify how Awada could have been included as part of the 2013 dissolution action, and that there was no way for appellants to assert the claims in the dissolution action, as they were not discovered until after the receiver obtained access to Tyche financial documents and after the deadline to add claims and parties had passed. Thus, appellants argue, the claims did not accrue before filing of the dissolution action and nonmutual claim preclusion does not apply.

This court reviews a district court summary judgment de novo, without deference to the findings of the lower court. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "[S]ummary judgment is proper when no genuine issue of material fact remains and the movant is entitled to a judgment as a matter of law." *Mendenhall v. Tassinari*, 133 Nev., Adv. Op. 78, 403 P.3d 364, 368 (2017). The nonmoving party must "set forth specific facts demonstrating the existence of a genuine issue for trial or have summary judgment entered against him . . . [and] is not entitled to build a case on the gossamer threads of whimsy, speculation, and conjecture." *Wood*, 121 Nev. at 732, 121 P.3d at 1031 (internal quotation omitted).

The purpose of nonmutual claim preclusion "is to obtain finality by preventing a party from filing another suit that is based on the same set of facts that were present in the initial suit." *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 712 (2008), *modified on other grounds by Weddell v. Sharp*, 131 Nev. 233, 241, 350 P.3d 80, 85 (2015). It applies where the following three factors are met: (1) the final judgment in the initial suit is valid; (2) the subsequent "action is based on the same claims or any part of them that were or could have been brought in the first

case"; and (3) there is privity between the parties "*or* the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff fails to provide a 'good reason' for not having done so." *Weddell*, 131 Nev. at 241, 350 P.3d at 85 (emphasis in original) (internal quotation omitted). As to the second factor, an identity of causes of actions is not required, and "[t]he test for determining whether the claims, or any part of them, are barred in a subsequent action is if they are based on the same set of facts and circumstances as the [initial action]." *Mendenhall*, 133 Nev., Adv. Op. 78, 403 P.3d at 370 (second alteration in original) (internal quotation omitted). As no party refutes the validity of the final judgment in the 2013 dissolution action, our analysis is limited to the second and third factors.

*The underlying action is based on the same claims, or part of them, that could have been brought in the first action*

The record supports the district court's finding that the claims set forth in the underlying complaint are based on the same facts as the claims that were raised in the 2013 dissolution action. Specifically, both matters relate to allegations that Tyche's members were misappropriating and diverting royalty payments that belonged to Tyche. In appellants' 2013 dissolution action, the additional claim of accounting was also based, at least in part, on these allegations. The sole difference between the matters appears to be that appellants named only Tyche as defendant in the dissolution action, but Awada individually, as the manager suspected of misappropriating and diverting the funds, in the underlying complaint. Thus, the record supports finding the underlying action is "based on the same set of facts and circumstances as the [2013 dissolution action]." *Mendenhall*, 133 Nev., Adv. Op. 78, 403 P.3d at 370.

*Appellants failed to provide a good reason for not bringing the claims against Awada in the 2013 dissolution action*

The record also supports the district court's finding that appellants failed to provide a good reason why Awada was not included as a defendant in the 2013 dissolution action. While appellants argue that their claims against Awada were discovered after the deadline to add claims and parties in the 2013 dissolution action, and therefore the claims did not accrue until that time, their argument is unpersuasive for several reasons.

First, appellants did not argue that a formal barrier prevented their claims in the first action. *See Mendenhall*, 133 Nev., Adv. Op. 78, 403 P.3d at 371 (noting that under the Restatement (Second) of Judgments § 26(1)(d) (Am. Law Inst. 1982), an exception to claim preclusion exists where there is a formal barrier to bringing the claims in the first action); Restatement (Second) of Judgment § 26(1)(d) (noting that formal barriers "stem from limitations on the competency of the system of courts in which the first action was instituted, or from the persistence in the system of courts of older modes of procedure"). Even if the procedural deadlines had passed, as appellants argue, there are no formal barriers because a party may file a motion to modify the pretrial schedule and deadlines "by leave of judge or a discovery commissioner upon a showing of good cause." *See* NRCP 16(b)(5); *Nutton v. Sunset Station, Inc.*, 131 Nev. 279, 284-86, 357 P.3d 966, 970-71 (Ct. App. 2015) (exploring the relationship between NRCP 15(a), which allows for a party to seek leave to amend a complaint after the responsive pleadings, and NRCP 16(b), which sets deadlines in each case for various events). Indeed, the record indicates that in the 2013 dissolution action, appellants moved to amend to add a claim for accounting well after the pretrial deadline had passed. They did not, however, seek to add Awada as a defendant, or add the claims presented in the underlying complaint at

that time. Thus, the record demonstrates no formal barrier precluded bringing the claims against Awada in the 2013 dissolution action.

Second, to the extent appellants argue the claims against Awada could not have been added in the 2013 dissolution action, their argument lacks merit as these ancillary claims may be raised in dissolution actions. *See In re Lowbet Realty Corp.*, 956 N.Y.S.2d 400, 408 (N.Y. Sup. Ct. 2012) (holding that barring a petitioner from asserting supplemental claims in a special proceeding and requiring a separate action would "produce additional and unnecessary formalistic practice" (internal quotation omitted)). In that regard, in a 2008 action, Patrick Lynch[3] *did* assert ancillary claims based on tort and contract theories in addition to dissolution of Tyche.

Last, while appellants argue that they did not discover their claims against Awada until after the deadline to add parties and claims, the record belies this argument. As the 2013 dissolution claims reveal, appellants were aware of the facts giving rise to their claim that Awada was improperly handling Tyche's assets and diverting them into another company that Awada wholly owned. The record further reveals that as far back as a 2011 adversary action against Awada and Gaming Entertainment, Inc. ("GEI"), a company in which Awada was the sole shareholder and manager, in bankruptcy proceedings, appellants included allegations related to unauthorized assignments of rights and diversion of royalty payments. Additionally, Patrick Lynch's complaint against Awada in 2008 was brought individually and derivatively on behalf of Tyche, of which appellants were members, with John being one of the few members

---

[3]Patrick Lynch is a relative of appellant John Lynch. Patrick also owned a membership interest in Tyche.

with voting rights. Further, although appellants point out that only dissolution was at issue in the 2013 action, appellants were clearly aware at that time of potential improprieties by Tyche's managers based on the allegations in the dissolution complaint and claims asserted against Awada in the 2011 bankruptcy case. Thus, the record supports finding the second and third factors for nonmutual claim preclusion—that appellants were aware of the facts supporting the underlying tort and equitable claims against Awada while the 2013 dissolution action was still ongoing, and they failed to provide good reason for not seeking to add those claims at that time.

Accordingly, we hold that the district court did not err in granting summary judgment because there is no genuine issue of material fact regarding whether the tort claims asserted in the underlying action are barred by claim preclusion. *Wood*, 121 Nev. at 732, 121 P.3d at 1031.

*Whether the district court abused its discretion by denying appellants' motion to amend the complaint*

Appellants argue that the district court abused its discretion by denying their motion to amend the complaint. Appellants sought to add breach of contract and unjust enrichment claims based on unpaid distributions and failure to properly distribute assets after dissolution in violation of NRS 86.521(1). The district court concluded that amendment would be futile because nonmutual claim preclusion would likewise apply to those claims.

Appellants contend that because they sought to amend the complaint to add claims related to the winding up of Tyche and its refusal to pay shareholder loans—which did not exist until after Tyche refused to make post-dissolution payments—nonmutual claim preclusion does not apply to those claims. They further argue that finding the claims were

Supreme Court
OF
Nevada

(O) 1947A

barred because they should have been brought as part of the 2013 dissolution action conflicts with the earlier district court's denial of their motion to reopen the dissolution action to include claims regarding the wind-up of Tyche on the grounds that the claims could *not* have been brought in that matter. Conversely, Awada argues that amendment would be futile, as claim preclusion would bar the claims and there is no conflict between the district courts because appellants are conflating pretrial claims with posttrial claims related to the trustees' statutory duties.

"A motion for leave to amend is left to the sound discretion of the trial judge, and the trial judge's decision will not be disturbed absent an abuse of discretion." *State, Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 988, 103 P.3d 8, 19 (2004). Pursuant to NRS 86.541, "the manager or managers in office at the time of dissolution" of a limited liability company become trustees upon dissolution. As part of the winding up phase, a trustee has certain powers and obligations, which include "collect[ing] and discharg[ing the company's] obligations" and "distribut[ing] its money and other property among the members, after paying or adequately providing for the payment of its liabilities and obligations." NRS 86.541(2). Furthermore, in distributing assets after dissolution, the liabilities of a limited-liability company are entitled to payment in the following order:

> (a) Those to creditors, including members who are creditors, in the order of priority as provided and to the extent otherwise permitted by law, except those to members of the limited-liability company on account of their contributions;
>
> (b) Those to members of the limited-liability company in respect of their share of the profits and other compensation by way of income on their contributions; and

(c) Those to members of the limited-liability company in respect of their contributions to capital.

NRS 86.521(1).

"Winding up" is "[t]he process of settling accounts and liquidating assets in anticipation of a partnership's or a corporation's dissolution," which "is complete upon the final disposition of assets to the shareholders and the payment of debt to creditors." *Canarelli v. Eighth Judicial Dist. Court*, 127 Nev. 808, 815-16, 265 P.3d 673, 678 (2011) (internal quotation omitted). Claims arising prior to the dissolution of a corporation are distinct from those that arise postdissolution. *See Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 583-84, 97 P.3d 1132, 1137-38 (2004) (reasoning that the "purpose [of a survival statute] is not served by barring claims that arise after the dissolution, particularly when the claim was caused by post-dissolution wind-up activities of the corporation," because it is reasonable to conclude that "during the course of winding up its business, a corporation might commit acts that would give rise to a claim").

Appellants moved to amend their complaint to assert claims against Awada as Tyche's trustee for breach of his statutory duty to properly wind up Tyche's affairs after dissolution by refusing to pay their creditor claims for amounts loaned to Tyche, as well as other outstanding claims against the company as required by NRS 86.521(1). In addition, appellants' proposed amended complaint further added an unjust enrichment claim against Tyche and Awada as trustee, based on allegations that Tyche had unjustly retained monies owed to appellants.

These claims did not accrue until after entry of the final judgment in the 2013 dissolution action and after Awada was ordered to serve as a trustee for Tyche. Thus, nonmutual preclusion based on the 2013

dissolution action would not apply to these claims, and amending the complaint would not be futile. Therefore, the district court abused its discretion by denying appellants' motion to amend their complaint.[4] *See Beazer Homes*, 120 Nev. at 583-84, 97 P.3d at 1137-38. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART as to summary judgment on the claims in the original complaint, AND REVERSED IN PART as to leave to amend the complaint, AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

---

[4]While not part of their motion to amend, appellants' proposed amended complaint included allegations that, under the operating agreement, Tyche was obligated to pay appellants distributions when profits were available, and that Tyche and Awada, in his capacity as co-trustee for Tyche, have blocked distribution even though funds are available. However, Tyche was not a party to the operating agreement, and therefore there was no basis for any breach of operating agreement claim against it or Awada in his capacity as co-trustee. Thus, the district court acted within its discretion when it denied leave to amend to add the claims for breach of the operating agreement.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:  Hon. Kathleen E. Delaney, District Judge
     Lansford W. Levitt, Settlement Judge
     Jerimy Kirschner & Associates, PLLC
     The Wright Law Group, P.C.
     Eighth District Court Clerk